# Staunton

NANNIE BRINKLEY, ET ALS. v. J. H. BLEVINS, ET ALS.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*J. D. & L. B. Perkins*, for the appellants.

*George F. Cook*, for the appellees.

GREGORY, J., delivered the opinion of the court.

Nannie Brinkley, W. M. Brinkley, her husband, and W. H. Crouse, filed a bill in chancery against J. H. Blevins, Josephine Blevins and Elvira Blevins seeking to have set aside a certain deed from J. H. Blevins and Josephine Blevins, his wife, to Elvira Blevins, which conveyed a tract of land in Smyth county. The deed was executed on January 2, 1924, and the ground on which it was sought to set it aside was that it was voluntary, fraudulent, made without consideration and made for the purpose and intent of defrauding and defeating the complainants in the collection of their debts which they had contracted with J. H. Blevins. The record discloses that the debts sought to be collected were open account obligations.

The defendants filed their answers denying all charges of fraud and averring that the deed was made for a valuable consideration. Evidence was taken and at the March, 1928, term of the court a final decree was entered denying the complainants any relief. The decree reads as follows:

"This cause was heretofore heard on the merits, as to whether complainants are entitled to have the deed of January 2, 1924, of J. H. Blevins and wife to Elvira Blevins

set aside, on the bill and exhibits, the answer of J. H. Blevins, the answer of Elvira Blevins, the general replications of complainants to said answers, the other pleadings on file and former decree entered and the depositions of witnesses, and was argued by counsel and the court, having now maturely considered the same, is of opinion, under the allegations of the bill and the evidence, that complainants are not entitled to have said deed set aside and doth so adjudge and decree."

The evidence considered by the court was not copied in or made a part of the record, therefore, we do not have the evidence before us upon which the decree was based.

From this final decree no appeal was sought and it stands as a final adjudication of the rights of the parties.

In November, 1928, the same complainants, together with the Marion Hardware and Supply Company, Incorporated, Tate Eller Company, Incorporated, Bluefield Grocery Company, Incorporated, and Thomas Stringer, new parties, filed a petition praying for a declaratory judgment, asking that the deed which was involved in the former proceedings be declared void because it was not properly recorded. The ground for this contention is that the acknowledgment to the deed was not taken before a person qualified to take acknowledgments. The deed was spread upon the deed book in the clerk's office. The petitioners again charged the defendants, who are the same defendants named in the original bill, with fraud and claimed that the deed was voluntary and made with the intent to defraud and defeat them in the collection of their debts which were all open account obligations, except one of the new parties held a promissory note.

The defendants filed a special plea of *res adjudicata*, setting up the final decree referred to as a bar to the right to have the court enter a declaratory judgment. That plea is as follows:

" 'The defendants by their attorney come and say that the

plaintiffs ought not to have or maintain this action against the defendants to have said deed set aside because of fraud, as set forth in the bill of complaint, because the defendants say that all matters and differences between them and the plaintiffs have been adjudicated, determined and disposed of by a judgment of this honorable court entered on March 2, 1928, by Judge Floyd H. Roberts which said judgment is in the words as follows:

" 'This cause was heretofore heard on the merits as to whether complainants are entitled to have the deed of January 2, 1924, of J. H. Blevins and wife to Elvira Blevins set aside, on the bill and exhibits, the answer of J. H. Blevins, the answer of Elvira Blevins, the general replications of complainants to said answer, the other pleadings on file and former decree entered and the depositions of witnesses, and was argued by counsel and the court, now having duly considered the same, is of the opinion, under the allegations of the bill and the evidence, that complainants are not entitled to have said deed set aside and does so adjudge and decree.'

"The defendants further say, that the present suit is between the same parties as the first and the cause of action in both suits is the same as will fully appear from a copy of the original bill herewith filed as a part of this plea and this the defendants are ready to verify."

No evidence of any kind was taken to support the allegations of the petition and the cause was finally heard on the petition and the plea together with the proceedings and decrees in the original cause and the court denied the relief asked for in the petition in this final decree entered at the November, 1929, term:

"This cause came on this day to be further heard on the papers formerly read as well as on the petition of Nannie Brinkley, *et als*, filed at 2nd of November rules, 1929, the plea of the defendants, and was argued by counsel.

"On consideration whereof the said petition praying for

a declaratory judgment the court is of the opinion that the relief prayed for in the bill cannot be granted in this cause and doth accordingly deny the same. And doth adjudge, order and decree that the said petition be dismissed at the cost of the petitioner and this cause is continued."

It is to this decree that this court allowed an appeal.

It would seem that the mere recital of the proceedings had in this cause would be sufficient to demonstrate the correctness of the decree of the trial court.

█ It very clearly appears, regardless of the special plea of *res adjudicata,* that the petitioners have not stated in their petition a case for a declaratory judgment. They not only fail to allege and prove that they have an interest in the subject matter of the litigation but the record conclusively shows that they have no interest whatever. They are not even lien creditors. If the deed had never been acknowledged or recorded it would still be valid as to them because the statute, section 5194 of the Code, provides that an unrecorded deed is void only "as to all purchasers for valuable consideration without notice * * * and *lien* creditors * * * ." An unrecorded deed is valid as to creditors who are not lien creditors. The petitioning creditors, having no lien, by judgment or otherwise, would have no interest in the property, or lien thereon, even though the court should declare the deed void.

█ The person who raises a question to be settled by a declaratory judgment must have a real interest in the subject matter in controversy. (See note, 12 A. L. R. 52, and note 19 A. L. R. 1124.)

█ We do not pass upon the question as to whether a lien creditor has the right to petition the court for a declaratory judgment, declaring a deed void as to him, under section 5194 of the Code, because it has been improperly recorded on an invalid acknowledgment, because we are not, in the case before us, dealing with lien creditors.

The decree is affirmed.

*Affirmed.*