Statement.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## TURNBULL V. COUNTY OF BRUNSWICK.

March 21, 1918.

1. TAXATION—*Excessive Rate—Remedy.*—If a local tax, legal and regular in other respects and designated for a single purpose, is levied in excess of the authorized rate, the tax is not thereby rendered invalid as to the whole amount, but only as to the excess.

2. TAXATION—*Excessive Rate—Remedy—Case at Bar.*—The board of supervisors of a county levied a district road tax of forty cents on the one hundred dollars and a county road tax of fifteen cents on the one hundred dollars value of real and personal property situate in a certain magisterial district of the county. The Code of 1904, section 944-a, sub-section 12, provides that before a road tax exceeding a total of fifty cents on the one hundred dollars worth of property shall be levied, the question of such tax shall be submitted to the people of the county or district affected. In the instant case, the question was not submitted to the people, but as the entire tax was to be applied to county and district road purposes, there was no difficulty in separating the illegal excess from the authorized tax, and therefore a judgment of the circuit court of the county exonerating plaintiffs from the excess was not erroneous.

3. TAXATION—*Illegal Taxes—Remedy.*—Section 571 of the Code of 1904 provides a satisfactory and adequate remedy for the individual taxpayer, and section 841 of the Code provides an ample remedy in all cases in which the citizens of the entire county or of any district feel themselves aggrieved by an alleged illegal tax.

Error to a judgment of the Circuit Court of Brunswick county, on a motion to correct an erroneous assessment. Judgment for the county. Plaintiffs appeal.

*Affirmed.*

The opinion states the case.

*B. A. Lewis, N. Turnbull* and *E. R. Turnbull, Jr.,* for the plaintiffs in error.

*Marvin Smithey,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

Sub-section 11 of section 944-a of the Code directs that the board of supervisors of each county shall annually levy a county road tax on all real and personal property subject to local taxation at a rate not to exceed forty cents on the one hundred dollars in value of such property, and sub-section 12 directs a district road tax at a like maximum rate, but adds in the latter sub-section the limitation, "that when the board of supervisors decide to levy a tax under this and the preceding section exceeding a total of fifty cents on the one hundred dollars worth of property, then before such tax shall be levied the question of such tax shall be submitted to the people of the county or district affected as to whether said tax shall be levied."

The following agreement of facts is made a part of the record in the instant case: "It is agreed that the board of supervisors of Brunswick county, for the year 1916, did levy a district road tax of forty cents on the one hundred dollars and a county road tax of fifteen cents on the one hundred dollars value of real and personal property situate in Red Oak magisterial district, Brunswick county, Virginia, and the same was not submitted to the vote of the people. It is further agreed that Edward R. Turnbull, Jr., and J. W. Upchurch are the fee simple owners of a tract of land situate in said district, containing fourteen hundred and eighty (1480) acres and assessed at the sum of eight thousand one hundred dollars ($8,100.00). It is further agreed that the said tract of land is assessed with a district road tax amounting to the sum of thirty-two dollars ($32.40)

and forty cents, and with a county road tax for the sum of twelve dollars ($12.15) and fifteen cents for the year 1916."

Turnbull and Upchurch applied to the circuit court of the county for an order exonerating them from the payment of the whole amount of the county and district road tax, but that court was of opinion that the applicants could only be relieved as to the excess over the fifty cent rate authorized by the statute without a popular vote, and accordingly ordered "that they be exonerated from the payment of $4.05, the excess five cents on the said $100.00 value of said property, the said sum of $4.05 to be deducted proportionately from the $32.40 county road tax and the $12.15 district road tax."

This action of the circuit court is assigned as error, and the assignment rests upon the contention "that the board having exceeded the authority of the law, the act which governed the right to levy the tax, without submitting the same to the vote of the people as provided by the said act, the whole levy is null and void and there was nothing left for the court to do but to declare the levies illegal."

There is some conflict of authority upon the question thus presented, but we think the sounder view, and the one more in harmony with the general plan and policy of the Virginia statutes germane to the subject, is that if a local tax, legal and regular in other respects and designated for a single purpose, is levied in excess of the authorized rate, the tax is not thereby rendered invalid as to the whole amount, but only as to the excess.

The rule is stated in 27 Am. & Eng. Ency. of Law (2d ed.), at page 612, as follows: "A tax in excess of the prescribed limit is void only as to the excess, provided such excess can be legally separated from the valid portion of the tax; but when the illegality permeates the whole tax, so that such separation cannot be made, the entire tax must fail." See also cases cited in note 5 to above and note 5 to Supplement 4 A & E. Ency. 1036.

To the same effect is the text in 37 Cyc. 969, where it is said that "where taxes are levied to the prescribed limit, the power is exhausted, and any tax levied in excess thereof is illegal and void." See also cases cited in note 38 to above text.

In the instant case, the entire tax was to be applied to county and district road purposes, and there is no difficulty in separating the illegal excess from the authorized tax. The decision of the court seems to us to have been a just, equitable and practical solution of the controversy. Section 571 of the Code, under which the application in the present case was made, provides a satisfactory and adequate remedy for the individual taxpayer in all such cases; and section 841 of the Code authorizes an appeal from any levy made by the board of supervisors, which, in the opinion of the attorney for the Commonwealth is illegal, or from which he shall be required to appeal by any six freeholders of the county, thus providing an ample remedy in all cases in which the citizens of the entire county or of any district should feel themselves aggrieved by an alleged illegal tax.

The judgment complained of is affirmed.

*Affirmed.*