## Richmond.

### COMMONWEALTH V. SMALLWOOD MEMORIAL INSTITUTE.

January 16, 1919.

1. TAXATIONS—*Relief Against Erroneous Assessment—Sections 567, 568, 571, Code of 1904—Equitable Owner.*—Sections 567, 568 and 571 of the Code of 1904 provide for redress to "any person assessed with taxes  *  *  *  aggrieved by any such assessment." In the instant case it was contended that the statutes must be strictly construed, and that thus construed the relief can only be granted to the person in whose name the property is assessed.

   *Held:* That the holder of the equitable title to property which is assessed in the name of his trustee, may apply for and receive relief under these statutes.

2. TAXATION—*Relief Against Erroneous Assessment—Sections 567, 568, 571, Code of 1904—Liberal Construction of Statute.*—The statute (Code of 1904, sections 567, 568, 571) is remedial and its avowed purpose is to provide an expeditious and inexpensive remedy for relief against axes which have been erroneously assessed or collected, and remedial statutes are not strictly construed, but are given a liberal construction with the view of advancing the remedy sought to be applied in accordance with the true intent and purpose of the legislature.

3. TAXATION—*Exemptions—Construction of Section 183 of the Constitution of 1902.*—The general rule is that provisions exempting property of individuals or private corporations from taxation must be strictly construed, taxation of such property being the rule and exemption from taxation the exception. One of the reasons for this is, that all such persons should bear their fair share of the burdens of taxation, and that lessening the burdens of one increases the burden of others. But as the policy of the State has always been to exempt property of the character mentioned and described in section 183 of the Constitution of 1902, it should not be construed with the same degree of strictness that applies to provisions making exemptions contrary to the policy of the State, since as to such property exemption is the rule and taxation the exception.

4. TAXATION—*Exemptions—Educational Institution.* — An incorporated industrial school organized and maintained by charitable gifts was the equitable owner of three tracts of land adjoining each other. The important buildings of the school were located upon one of the tracts and the three tracts were occupied jointly and parts were cultivated for the benefit of the institution. The charter of the school showed that it was an eleemosynary corporation without shares of stock, not owned by individuals or corporations.

   *Held:* That these three adjoining parcels of land, together with the furniture, furnishings, books and instruments thereon, including farming implements used in connection with the farm or demonstration work, constitute property exempt from taxation under sub-section (d), section 183, of the Constitution of 1902.

5. TAXATION—*Exemptions—Educational Institution.*—Land assessed in the name of its legal owner, not adjoining the property upon which the school buildings are located, nor used for any school purpose, and never conveyed to the school, whether derived from the same source as the other property of the school or not, is not exempt under section 183, Constitution of 1902, because not used for school purposes.

6. TAXATION—*Exemptions—Educational Institution.* — An electric light and power plant located upon school property for the purpose of supplying the school buildings with light and power, and also supplying a neighboring village, and some of the citizens, with electric light, where it can be segregated for taxation from the residue of the school property, is not exempt from taxation under section 183, Constitution of 1902.

Error to an order of the Circuit Court of Surry county, on a motion to correct an erroneous assessment. Order for plaintiff. Commonwealth assigns error.

*Affirmed in part, reversed in part, and remanded.*

The opinion states the case.

*John R. Saunders, Attorney-General,* and *Plumber & Bohannan,* for the Commonwealth.

*Carter, Crawford & Redd,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

This is a proceeding for redress against alleged erroneous assessments of taxes, State and local, under sections 567, 568 and 571 of the Code. Smallwood Memorial Institute, claiming to be the equitable owner of certain real and personal property, the legal title to which was in Rosa E. Smallwood, and Rosa E. Smallwood and J. R. Pollard, trustees for Thelma Smallwood, made its application under the sections referred to, and secured the relief desired, and from the order granting such relief this writ of error was allowed upon the petition of the Auditor of Public Accounts and the county of Surry.

[1, 2] The first question which arises is whether the relief can be granted under those statutes. They provide for such redress to "any person assessed with taxes * * * * aggrieved by any such assessment." It is insistently claimed that the statutes must be strictly construed, and that thus construed the relief can only be granted to the person in whose name the property is assessed. It must be remembered, however, that the statute is remedial, and that its avowed purpose is to provide an expeditious and inexpensive remedy for relief against taxes which have been erroneously assessed or collected, and that remedial statutes are not strictly construed, but are given a liberal construction with the view of advancing the remedy sought to be applied in accordance with the true intent and purpose of the legislature. Thus construed, we have no doubt that the holder of the equitable title to property which is assessed in the name of his trustee, may apply for and receive relief under these statutes. The taxes, if any part of them are properly assessed, constitute a lien upon his property and must be paid out of his funds. If improperly

assessed, they constitute a cloud upon his title which he has the right to have removed. If he has not this right under these statutes, then it is necessary for him to resort to a court of equity for relief. The avowed and evident purpose of the statutes is to relieve the person aggrieved by the erroneous assessment, and the owner of property so erroneously assessed with taxes is the person aggrieved and, therefore, entitled to invoke the statute for relief from an illegal burden. We have no doubt upon this question.

[3, 4] The Smallwood Memorial Institute claims exemption from taxation under section 183 of the Constitution, which enumerates the kind of property which shall be so exempt. Among such enumerations of exempted property is sub-section (d), reading thus:

"Buildings, with the land they actually occupy, and the furniture, furnishings, books and instruments therein, wholly devoted to educational purposes, belonging to, and actually and exclusively occupied and used by churches, public libraries, incorporated colleges, academies, industrial schools, seminaries, or other incorporated institutions of learning, including the Virginia Historical Society, which are not corporations having shares of stock or otherwise owned by individuals or other corporations; together with such additional adjacent land owned by such churches, libraries and educational institutions as may be reasonably necessary for the convenient use of such buildings, respectively; and also the buildings thereon used as residences by the officers or instructors of such educational institutions; and also the permanent endowment funds, held by such libraries and educational institutions directly or in trust, and not invested in real estate; provided, that such libraries and educational institutions are not conducted for profit of any person or persons, natural or corporate, directly, or under any guise or pretense whatsoever.

But the exemption mentioned in this sub-section shall not apply to any industrial school, individual or corporate, not the property of the State, which does work for compensation, or manufactures and sells articles, in the community in which such school is located; provided, that nothing herein contained shall restrict any such school from doing work for or selling its own products or any other articles to any of its students or employees."

The exemption of this class of property accords with the accepted policy of this State for many years, but it is unnecessary to refer to the statutes antedating the present Constitution, because the question is controlled by the section just quoted, and its proper construction. It may be said in this case, as Buchanan, J., said in *Commonwealth* v. *Lynchburg Y. M. C. A.*, 115 Va. 747, 80 S. E. 589, 50 L. R. A. [U. S.] 1197: "It is insisted by the Commonwealth that the provision of section 183 of the Constitution must receive a strict construction. The general rule is that provisions exempting property of individuals or private corporations from taxation must be strictly construed, taxation of such property being the rule and exemption from taxation the exception. One of the reasons for this is, that all such persons should bear their full share of the burdens of taxation, and that lessening the burdens of one increases the burden of others. But as the policy of the State has always been to exempt property of the character mentioned and described in section 183 of the Constitution, it should not be construed with the same degree of strictness that applies to provisions making exemptions contrary to the policy of the State, since as to such property exemption is the rule and taxation the exception."

These facts sufficiently appear from the record: The Smallwood Memorial Institute, incorporated 1913, is the successor of the Temperance Industrial and Collegiate Institute, and is an industrial school which has been

organized and maintained by the charitable gifts of certain Northern and Eastern philanthropists (among the most generous of whom are said to be Mr. and Mrs. John Hay), for the industrial and academic education of youths of the Negro race. These gifts were originally entrusted to John J. Smallwood, who organized and conducted the school for many years in his own name until the incorporation of the Temperance Industrial and Collegiate Institute. Smallwood always recognized his obligation to devote the property, or certain parts of it, which had been conveyed to his wife and himself, to the school. In his will he refers to a deed which he says he has executed to the trustees of the Temperance Industrial and Collegiate Institute, though no such deed appears in the record. After his death, however, his wife, Rosa E. Smallwood, in her own right as executrix, and J. R. Pollard, trustee for his infant daughter, named in the will, conveyed three tracts of land adjoining each other, referred to as the 36 acre tract, 16¼ acre tract and 13⅓ acre tract, to the Smallwood Memorial Institute, reciting that Smallwood intended to convey that property, but died before he had signed and acknowledged the deed as required by the laws of the State. The important buildings of the school are located upon the 36 acre tract and the three tracts are occupied jointly, and parts of it are cultivated for the benefit of the institution. The trial court in its orders expressed the opinion that both of the corporations were charitable industrial schools, not conducted for profit, but maintained by donations, and the charter of the Smallwood Memorial Institute shows that it is an eleemosynary corporation without shares of stock, not owned by individuals or corporations.

Under these facts, we have no doubt whatever that these three adjoining parcels of land, together with the furniture, furnishings, books and instruments thereon, including

farming implements used in connection with the farm or demonstration work, constitute property exempt from taxation under sub-section (d), section 183, of the Constitution. The principles governing such cases have been clearly stated by this court in the cases of *Commonwealth* v. *Trustees of Hampton Normal and Agricultural Inst.*, 106 Va., 614, 56 S. E. 594, and in *Commonwealth* v. *Lynchburg Y. M. C. A., supra,* and require no repetition. Those principles govern and control this case.

[5] It appears, however, that there were two other tracts of land assessed in the name of Rosa E. Smallwood, one containing 7½ acres and the other 99½ acres, which neither adjoin the property upon which the school buildings are located, nor are they used for any school purpose. They have never been conveyed to the corporation, and Smallwood apparently undertakes to devise them for the benefit of his wife and daughter. The trial court also exempted this property, and this it seems clear to us was erroneous, for whether this property was also derived from the same source as the other or not (as to which we express no opinion), it is not exempt under section 183, because not used for school purposes.

[6] There is upon the 36 acre tract an electric light and power plant, erected for the purpose of supplying the school buildings with light and power, and this plant also supplies the town or village of Claremont (at $18.00 per month), and some of its citizens, with electric light. The trial court apparently had no difficulty in separating this property and its value, for taxation, from the residue of the school property which was exclusively used for school purposes, and held it liable for taxation. In view of the fact that it can be thus segregated, this conclusion was correct under *Commonwealth* v. *Hampton, etc., supra.*

We are, therefore, of opinion to affirm the judgment of the trial court so far as it relates to the power plant and the three tracts of land used for school purposes and conveyed to the corporation, as well as the personal property thereon used in the same way, but so much of the order as exempts the 7½ acre tract and the 99½ acre tract, in our judgment, is erroneous, and to that extent the order will be reversed; and the case will be remanded to the trial court for such further orders, if any, as may be necessary to effectuate the views herein expressed.

*Affirmed in part, reversed in part, and remanded.*