# Richmond

## CARL L. TODD, ET ALS. V. COUNTY OF ELIZABETH CITY, ET ALS.

June 19, 1950.

Record No. 3653.

Present, Hudgins, C. J., and Gregory, Eggleston, Buchanan and Miller, JJ.

The opinion states the case.

*Ross A. Kearney* and *Percy Carmel,* for the appellants.

*J. Wilton Hope, Jr.* and *James & Richardson*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

Carl L. Todd and five other "owners of real estate and taxpayers in Wythe or Chesapeake Districts of Elizabeth City County," suing "in their own behalf and for the benefit of all other persons so similarly situated," filed their bill in equity in the court below against Elizabeth City county, its commissioner of revenue, treasurer, and certain other officials, attacking the validity and enforcement of an ordinance enacted by the board of supervisors of the county on June 9, 1948, levying an annual tax, beginning July 1, 1948, upon the real estate of the plaintiffs located in the above districts to cover the cost of collecting garbage and trash during such period. The bill alleged that pursuant to the ordinance the commissioner of revenue had assessed the lands of the plaintiffs with a tax or charge, and that the treasurer was attempting to collect the same.

It was further alleged that the levy was illegal and void in that, among other things, the ordinance had not been enacted "in accordance with the laws of the State of Virginia[1] including the constitution in such cases made and provided," and that the taxes levied under the ordinance failed to meet the constitutional requirements and were invalid.

A further allegation was that "approximately eleven thousand" other persons similarly affected by the ordinance and levy desired relief therefrom, and that, therefore, a proceeding in equity was necessary to avoid "a multiplicity of suits" and to relieve the court of the burden of the trial of innumerable cases.

The prayer of the bill was that the treasurer of the county be enjoined from collecting "any charges for said

---

[1] The record and briefs show that the enabling act for the ordinance is the Public Facilities District Law. Acts 1946, ch. 93, p. 113.

garbage and trash collections under said ordinance as shown upon the landbooks;" that the officials of the county "be enjoined and restrained from laying any further tax or charge for the collection of any garbage or trash under the terms" of the ordinance; and that the proper officials of the county be required to "repay or cause to be repaid to its taxpayers so similarly situated" "such invalid taxes and charges" as may have been paid.

The defendants demurred to the bill on the ground that the plaintiffs had an adequate remedy at law, and that, therefore, a court of equity was without jurisdiction of the matter.

The demurrer was overruled and the defendants answered. After an *ore tenus* hearing the lower court entered a decree sustaining the validity of the ordinance and the levy and dismissing the bill. To review that decree the present appeal was allowed.

 In an assignment of cross-error the defendants urge that the lower court should have sustained the demurrer and dismissed the bill. We agree with this position.

Section 416 of the Tax Code[2] provides: "No suit for the purpose of restraining the assessment or collection of any tax, State or local, shall be maintained in any court of this Commonwealth, except when the party has no adequate remedy at law."

Prior to the enactment of this statute,[3] a taxpayer who felt aggrieved by the assessment of his property for taxation could, at his election, either institute a suit in equity to enjoin the collection of the tax or ask relief by motion under one of the appropriate statutes. *Commonwealth* v. *Tredegar Co.*, 122 Va. 506, 509, 95 S. E. 279; *Commonwealth* v. *Carter*, 126 Va. 469, 474, 102 S. E. 58.

---

[2] Code of 1950, section 58-1158.

[3] This statute was first enacted by Acts 1916, ch. 64, p. 89. It was omitted from the Code of 1919, but was re-enacted by Acts 1922, ch. 333, p. 558, and incorporated in its present form in the Tax Code of 1928, section 416. Acts 1928, ch. 45, pp. 35, 231.

But, as we have said, since the enactment of section 416, where the statutory remedy is adequate it must be followed, and "the previously existing remedy by injunction is cut off" and cannot be pursued. *Commonwealth* v. *Tredegar Co., supra* (122 Va., at page 510).

In our opinion three adequate remedies at law were available to the plaintiffs:

(1) They could have proceeded under Tax Code, sec. 414, as amended,[4] which provides a method whereby "Any person assessed with county or city levies or other local taxes" on real estate, on personal property, or with a local license tax, may within a prescribed time apply to the proper court for relief therefrom.

The section further provides: "An order of exoneration under this section, when delivered to the tax-collecting officer, shall restrain him from collecting so much as is thus erroneously charged. If what was so erroneously charged has been paid, the order of the court shall compel the treasurer, or city collector, as the case may be, to refund to the applicant the amount specified in the order."

Relief under this section is not confined, as the plaintiffs argue, to the correction of an assessment which is merely erroneous. As we pointed out in *Commonwealth* v. *Smallwood Memorial Institute*, 124 Va. 142, 144, 97 S. E. 805, a similar statute affording relief from erroneous assessment of State taxes, and later embodied in Tax Code, sec. 410,[5] is remedial and should be liberally construed. In that case the petitioner was relieved of the payment of State taxes held to be unconstitutional and void. See also, *Commonwealth* v. *P. Lorillard Co.*, 129 Va. 74, 105 S. E. 683.

Taxpayers were granted relief under section 414 from local levies and assessments held to be unconstitutional and void, in *Southern Ry. Co.* v. *Richmond*, 175 Va. 308, 8 S. E. (2d) 271, 127 A. L. R. 1368 (as shown by the record, though not by the opinion); *Williams* v. *Richmond*, 177 Va.

---

[4] Code of 1950, sections 58-1145–58-1151.

[5] Code of 1950, section 58-1130.

477, 14 S. E. (2d) 287, 134 A. L. R. 833; *Richmond* v. *Eubank*, 179 Va. 70, 18 S. E. (2d) 397.

■ (2) The plaintiffs could have proceeded under section 290 of the Tax Code.[6] This section provides:

"When any order for a levy is made by the board of supervisors, which, in the opinion of the attorney for the Commonwealth, is illegal, or from which he shall be required to appeal by any six freeholders of the county, the said attorney shall appeal therefrom, within thirty days after such order is made, to the circuit court of said county, and such appeal shall operate as a supersedeas. Without waiting the final decision of the appeal, the board may rescind its order and order a levy according to law; or if the court shall, on the hearing of the appeal, be of the opinion that the order is contrary to law, it shall reverse the same and direct the said board to enter such order as to the court may seem right. If money be collected under any such order, which is afterward rescinded or reversed, the treasurer shall forthwith repay such money to the person from whom it was collected. If he fail so to do, a motion may be made and judgment obtained, in like manner as in cases provided in section three hundred and sixty-one hereof."

In *Turnbull* v. *Brunswick County*, 122 Va. 645, 648, 95 S. E. 391, we said that this section provides an ample remedy in cases in which a large number of the citizens of a county feel aggrieved by an alleged illegal tax.

The fact that the plaintiffs failed to avail themselves of the provisions of this section within the prescribed statutory period does not entitle them to injunctive relief. See 51 Am. Jur., Taxation, sec. 1225, p. 1045. To hold otherwise would permit one aggrieved by an assessment to nullify the statutory method of procedure. It would permit him to profit by his own neglect or wilfulness, and would give him an election to which a diligent litigant would not be entitled.

[6] Code of 1950, section 58-841.

■ (3) The plaintiffs could have paid the taxes under compulsion and protest and filed actions at law for recovery of the amounts paid. *Charlottesville* v. *Marks' Shows*, 179 Va. 321, 330, 18 S. E. (2d) 890, 895, and authorities there cited.

For these reasons we are of opinion that the lower court should have sustained the demurrer and dismissed the bill of complaint. Having reached this conclusion we express no opinion upon the merits of the controversy.

The decree complained of is reversed and a final decree will be here entered dismissing the bill.

*Reversed and dismissed.*