## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Producers Co-Operative, Inc.

v.

City of Richmond

July 29, 1969

BY JUDGE A. CHRISTIAN COMPTON

Enclosed is a copy of the order entered today which sustains the demurrer to the amended petition and which enters judgment in favor of the respondent city.

This suit, filed on December 31, 1968, seeks a refund of license taxes erroneously assessed and paid during the calendar years 1964 and 1965.

There is no formal stipulation filed in the case but the petitioner's brief sets forth the purported agreement of the parties as to the facts, which is as follows. During 1964, 1965 and 1966, Producers had a warehouse division located within the City of Richmond and acquired a retail merchants license from the City under which it operated its warehouse division paying a tax during each of the three years. During 1967, Producers met with representatives of the City Commissioner of Revenue who agreed with Producers that the warehouse division should have been classified as a manufacturing operation and that no license tax should have been imposed upon Producers for these operations during 1964, 1965 and 1966. Producers requested the Commissioner of Revenue to take the appropriate steps to refund the amounts paid. A refund of the taxes paid for 1966 was made but a refund of the 1964 and 1965 taxes was refused and this suit followed.

In Count I, the petitioner seeks the total amount of the refund of $6,071.01 under Code § 58-1142. In Count II, Producers asks that a Writ of Mandamus be issued directing the Commissioner to cause the refund to be made under Code § 58-1141 or, in the alternative, prays for the Writ directed to the Commissioner compelling him to file a certificate with the

City Council directing the Treasurer of the City to make the refund under Code § 58-1142.

The City takes the position that the sole remedy available to the petitioner through the courts is under Code § 58-1145 and it asserts that the one year time limitation therein has not been complied with and therefore this Court lacks jurisdiction. Furthermore, it takes the position that since the petitioner had an adequate remedy under § 58-1145, Mandamus should be denied.

Producers does not seek relief under § 58-1145. It argues that the code sections under discussion are *in pari materia* and that it may seek its relief through the courts under §§ 58-1141 and 58-1142 as well as under § 58-1145. It asserts that an action for refund may be brought under § 58-1142 in the courts when the Commissioner agrees that the assessment was erroneous (as here) and that § 58-1145 applies to cases where the taxpayer and commissioner are not in agreement concerning whether the levy was erroneous. It asserts that the duties imposed upon the Commissioner under § 58-1142 are mandatory and that he is obligated to make the refund when there is the agreement, as aforesaid. These positions are not well taken.

In the first place, § 58-1145 affords the taxpayer the right to proceed through the courts to seek his relief while §§ 58-1141 through 58-1144 apply only to administrative remedies and review thereof. These latter sections do not give to the courts jurisdiction of the matter unless there is an appeal by the locality under § 58-1143. These sections under discussion which relate to local levies (§§ 58-1141 through 58-1152.1) were a part of the Tax Code of Virginia, §§ 413 and 414 thereof, which was enacted in 1928 to simplify, arrange and consolidate into one act the general tax and revenue statutes of the Commonwealth. Acts 1928, pp. 227, 228, 229. § 413 was entitled "Commissioner of the revenue may correct unpaid erroneous assessments of certain local levies; review" and contained essentially the same provisions of present §§ 58-1141 through 58-1144. An entirely separate § 414 of the Tax Code was titled "Jurisdiction of courts to correct erroneous assessments of local levies generally," and included essentially the same provisions now found in §§ 58-1145, 58-1146, 58-1147, 58-1148, 58-1149, 58-1150, and 58-1151. It is apparent from a reading of the statutes as presently written that §§ 58-1145 *et seq.* afford the taxpayer an avenue for relief through the courts, whereas §§ 58-1141 through 58-1144 (and City Charter § 8.07) afford an entirely separate and distinct means for relief by administrative and legislative means. A review of the

legislative history of these statutes confirm the view as to these separate methods for relief.

The petitioner argues that § 58-1144 expressly provides that the remedies under §§ 58-1142 and 58-1145 are cumulative. Such is not the case. It expressly refers to §§ 58-1141 to 58-1143 and states that the remedy granted therein "shall be in addition to the right of any taxpayer to apply *within the time prescribed by law* to the proper court as provided by law for the correction . . ." (emphasis added) and that such application to the court may be made whether the applicant has or has not theretofore made application to the commissioner. In addition to recognizing the separate and distinct methods of relief, § 58-1144 clearly means that if, in this case, the petitioner had applied to the court under § 58-1145 within the one year limitations involved for the two years in question, it would make no difference that it had or had not applied to the commissioner for relief.

Moreover, mandamus will not lie in this case. One of the essential elements necessary for the issuance of the writ is that there is an absence of another adequate remedy at law. *Richmond Greyhound Lines v. Davis*, 200 Va. 147, 152 (1958). The question is not merely whether a petitioner has a remedy at law but whether it is adequate and complete. If it is, mandamus will not be granted. *Rinehart & Dennis Co. v. McArthur*, 123 Va. 556, 560 (1918). In order to bar the issuing of the writ, it is not necessary that the other remedy be available at the time of applying for the mandamus; if the petitioner had a clear legal remedy adequate to enforce his rights, of which he failed to avail himself, the writ will not lie. 34 Am. Jur., *Mandamus*, § 42, pp. 837, 838, n. 1; Anno. 145 A.L.R. 1044. To hold otherwise would allow a taxpayer who was aggrieved by an assessment to nullify the statutory method of procedure afforded by Code § 58-1145. See *Todd v. County of Elizabeth City*, 191 Va. 52, 57 (1950).

As has been stated in connection with the discussion of the ruling upon Count I, the petitioner had a clear, adequate and complete remedy under Code § 58-1145, therefore mandamus will not lie to order the requested action under §§ 58-1141 and 58-1142.