Stuart McGuire Co., Inc.

v.

William H. Forst, etc., et al.

July 24, 1975

Case No. D-8359-S

BY JUDGE ALEX H. SANDS, JR.

As the result of a State conducted audit of plaintiff's business, a $197,287.50 sales and use tax was assessed by the Commonwealth (defendant) against plaintiff, liability therefor being denied by plaintiff. Upon plaintiff's refusal to pay the tax, defendant placed a lien therefor against plaintiff's account in two banks thereby freezing all of plaintiff's deposits in such banks. In order to release its funds thus frozen, plaintiff, with the consent of defendant, executed bond in the sum of $250,000.00 conditioned upon payment of the tax if found to have been properly assessed. Acquiescence in the substitution of the bond for the tax lien appears to have been a voluntary act upon the part of plaintiff, as there is no statutory procedure providing therefor.

Plaintiff institutes this suit seeking a mandatory injunction against defendants, allowing the cancellation of the bond and enjoining defendants from attempting collection of the assessment until such time as the liability of plaintiff for the assessed taxes can be determined by proper judicial authority. Plaintiff further seeks damages alleged to have been sustained as the result of defendants' actions, in the sum of $1,000,000.00.

The matter comes on to be heard upon defendants' demurrer based upon § 58-1158 of the Code of Virginia, 1950, as amended, which section defendants contend precludes the maintenance of a suit for the purpose of restraining the collection of any tax except in cases where the taxpayer

against whom the assessment has been imposed has no adequate remedy at law.

Plaintiff seeks to have the demurrer overruled upon the grounds (a) that defendants have no statutory or common law authority to *collect* assessed taxes until liability therefor is finally determined pursuant to Code § 58-1130; (b) that defendants, even if given such authority, have not complied with the procedures for collection provided by statute; and (c) that the collection of an assessment prior to the determination of liability pursuant to § 58-1130 constitutes a violation of the taxpayers rights to procedural due process of law under the United States Constitution.

The case of *Pollard & Bagby* v. *Richmond*, 181 Va. 181 (1943), is dispositive of plaintiff's contention, (b), *supra*, holding that the various statutes under which a taxing authority may proceed for the collection of taxes are cumulative and that the authority is not locked into any one procedure. While defendants could have proceeded by warrant for collection under § 58-441.36, they were not required so to do and their election to proceed under Section 58-1010 was entirely proper.

Nor is plaintiff's position as stated in (a), *supra*, any more tenable, for while it is true that there is no specific statute or tenet of the common law that permits the collection of assessed taxes without prior adjudication of liability, there is, conversely, no prohibitive statute or common law tenet against such collection, and respectable case law extends to a taxing authority such right. *See Phillips* v. *Commissioner of Internal Revenue*, 283 U.S. 589; 75 L. Ed. 1289, 1297 (1931), to be later commented upon.

The single issue before the Court is whether plaintiff has an adequate remedy at law which it can pursue seeking relief from the situation in which it has been placed by the lien placed upon its two bank accounts. If so, defendants' demurrer must, of necessity, be sustained by virtue of Code § 58-1158. Section 58-1158 provides:

> No suit for the purpose of restraining the assessment or collection of any tax, State or local, shall be maintained in any court of this Commonwealth, *except when a party has no adequate remedy at law*. [Emphasis added.]

This statute has been upheld in this state by a long line of authority. *See C. & P. Tel. Co.* v. *Newport News*, 194 Va. 409 (1952); *Todd* v. *County of Elizabeth City*, 191 Va. 52 (1950); *Commonwealth* v. *Tredegar*, 122 Va. 506 (1918).

Defendants contend that Code § 58-1130 provides the adequate remedy required by § 58-1158. Plaintiff, on the contrary, argues that § 58-1130 does not afford plaintiff an adequate remedy for two reasons; *i.e.*, (1) that this section deals with correction of *assessments* while plaintiff's problem concerns *collection* procedures, and (2) that plaintiff's constitutional rights have been violated by attaching its property without its having had a prior determination as to liability in a hearing in an impartial forum.

The plaintiff's first contention is precluded by *Todd* v. *County of Elizabeth City*, 191 Va. 52 (1950). Here the identical point here made by plaintiff was urged and the court in rejecting it, said:

> Relief under this section [Section 414, the forerunner of present § 58-1130] is not confined, as plaintiffs argue, to the correction of an assessment which is merely erroneous . . . .
>
> Taxpayers were granted relief under section 414, from local levies and assessments held unconstitutional and void . . . .

As to plaintiff's second position, it argues that collection prior to any determination of liability is unconstitutional and, therefore, this method of collection applied by plaintiff was unconstitutional and void.

In urging this position, plaintiff relies upon a number of late cases from the U. S. Supreme Court holding that a determination of liability prior to collection of a debt by garnishment proceedings is a *sine qua non* to meeting the test of constitutionality. *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337 (1969); *Goldberg* v. *Kelly*, 397 U.S. 254 (1969); *Fuentes* v. *Shevin*, 407 U.S. 67, 32 L. Ed. 2d 559 (1972); *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.*, 419 U.S. 601, 42 L. Ed. 2d 751 (1975).

None of these cases, however, involve attempted collection of taxes by a tax authority and for this reason are not apposite. *Fuentes* and *Di-Chem* principally relied on by plaintiff, each struck down state statutes involving prejudgment creditor remedies in *commercial* cases.

*Phillips* v. *Commissioner of Internal Revenue*, 283 U.S. 589, 75 L. Ed. 1289 (1931), on the contrary, is precisely in point. In this case the constitutionality of Section 280(a)(1) of the Revenue Act of 1926 was challenged upon the ground that the forced collection of unpaid income and property taxes prior to a determination of liability offended against the due process clause of the Fifth Amendment and against the Seventh Amendment. Justice Brandeis, speaking for the unanimous Court in rejecting this argument and speaking to the statute in question, (Sec. 280(a)(1) of the U.S. Tax Code) said:

> The proceeding is one to collect the revenue. That Congress deemed the section necessary in order to make the tax-collecting system more effective, is established not only by the fact of enactment but also by the reports of the committees.
>
> The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled. Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained.

At 1295, 1296. Then, in commenting upon a similar holding in *Den ex dem. Murray* v. *Hoboken Land & Improv. Co.*, 59 U.S. (18 How.) 272, 15 L. Ed. 372 (1855), Justice Brandeis continues:

> It is urged that the decision in the Murray case was based upon the peculiar relationship of a collector of revenue to his government. *The underlying principle in that case was not such relation, but the need of the government promptly to secure its revenues.*
>
> Where only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate . . . . [Emphasis added.]

At 1297.

It will be noted that *Phillips* did not involve a jeopardy situation but only a routine tax collection operation. Nor was the ruling confined to any "extraordinary situation" as is suggested by plaintiff, but was, in fact, nothing more than a reaffirmation of the age old principle thus enunciated in *Bull* v. *United States*, 295 U.S. 247 (1935):

> Once the tax is assessed, the taxpayer will owe the sovereign the amount when the date fixed by law for payment arrives. Default in meeting the obligation calls for some procedure whereby payment can be enforced. The statute might remit the Government to an action at law wherein the taxpayer could offer such defense as he had. A judgment against him might be collected by the levy of an execution. *But taxes are the lifeblood of government, and their prompt and certain availability an imperious need. Time out of mind, therefore, the sovereign has resorted to more*

> *drastic means of collection. The assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt.* [Emphasis added.]

Plaintiff, in attempting to distinguish *Phillips* from the case at bar (plaintiff's brief, 15 and 16), suggests that the statute under review in *Phillips* concerned the *assessment* method employed rather than the *collection* method. On the contrary, *Phillips*, in speaking of the proceeding before the Court, specifically states (75 L. Ed. 1289 at 1295) "The proceeding is one to collect the revenue . . . ."

In *Fuentes* the Court, in citing *Phillips* as authority for its statement that "the Court [U. S. Supreme Court] has allowed summary seizure of property to collect the internal revenue of the United States," says (footnote 24) that the Court in *Phillips* relied upon *"the need of the government promptly to secure its revenues."*

Upon facts identical to those in the case at bar, by per curiam opinion, the Ninth Circuit Court of Appeals in the case of *Tavares* v. *United States*, 491 F.2d 725 (9th Cir. 1974), held that the doctrine enunciated in *Sniadach* and *Fuentes* was not applicable to Internal Revenue action in levying upon a taxpayer's bank account without prior hearing on the question of liability, holding that *Phillips* was conclusive on the point. The only distinction between *Phillips* and *Tavares*, on the one hand, and the case at bar on the other, is that in the former two cases the federal taxing authority was involved and in the latter, the state. No reason can be perceived why the rule of *Phillips* and *Tavares* should not apply in both instances.

Nor can this court find anything in Justice Powell's separate opinion in *North George Finishing* v. *Di-Chem, Inc., supra,* to support plaintiff's argument. On the contrary, he states:

> Pregarnishment notice and a prior hearing have not been constitutionally mandated in the past. Despite the ambiguity engendered by the Court's reliance on *Fuentes,* I do not interpret its opinion today as imposing these requirements for the future.

He further indicates his view to be that a prompt *postgarnishment* judicial hearing will, with proper safeguards, suffice.

For the above reasons, it is held that Virginia Code § 58-1130 provides an adequate remedy at law in contemplation of the language of § 58-1158, that plaintiff would not, therefore, be entitled to injunctive relief and that defendants' demurrer must be sustained.