## CIRCUIT COURT OF THE CITY OF HOPEWELL

Quad Corp. et al.

v.

City of Hopewell

January 13, 1986

Case No. (Law) 84-136

By JUDGE W. PARK LEMMOND, JR.

Pursuant to the hearing conducted on December 30, 1985, the Court has again reviewed the file with regard to the City's motion to dismiss.

At the hearing on December 30, the Court granted plaintiff's motion for leave to amend and add a new party. The threshold issue regarding the motion to dismiss was whether or not Quad had a standing to seek relief under Section 58-1145, Code of Virginia, now Section 58.1-3984, as a person assessed and aggrieved by assessment, etc.

As indicated in the case of *City of Alexandria v. R. F. & P.*, 223 Va. 293 (1982), there are two meanings given to "assessment" as used in this statute, i.e., the amount of the tax imposed and the evaluation of the property. The Court stated in this case that the remedy provided by Code Section 58-1145 shall be available to a landowner to attack an assessment in whichever its two meanings the word is employed. *See also Hoffman v. Augusta County*, 206 Va. 799 (1966).

Under this section, the applicant does not necessarily have to be the person in whose name the assessment was made. A person obligated to pay the taxes is a person aggrieved if the taxes have been erroneously assessed, in either or both of the meanings of such assessment. It is the effect upon the pecuniary interest of a person that creates such an aggrievement.

This statute, being remedial in nature, has always been interpreted liberally in favor of the taxpayer. *See Chesapeake and Potomac Telephone Co. v. City of Newport News*, 194 Va. 409 (1952), which is indicative of the fact that the literal wording of the statute does not necessarily control.

In *Commonwealth v. Smallwood Memorial Institute*, 124 Va. 142 (1919), an equitable owner was clearly a "person aggrieved." Grantees have been held to be successors in title and maintained actions under this statute for erroneous assessment. *See First and Merchants National Bank v. County of Amherst*, 204 Va. 584 (1963), and *Memorial Hospital Association of Virginia, Inc. v. County of Wise*, 203 Va. 303 (1962).

It appears that in the earlier years for which reassessment is sought, Quad was not the titleholder of the subject real property.

Assuming *arguendo* that such an interest is requisite to come within the meaning of "a person assessed and aggrieved. . ." under the subject code section, such objection is overcome by the addition of the said titleholder, in this instance Hopshaw, Inc. With the addition of Hopshaw, titleholders for all years in question are parties plaintiff in the action and, hence, either Quad, Hopshaw, or both have a standing to bring the action for all years in question. This being the case, the additional issue previously raised as to whether or not a tax claim under this section is assignable becomes moot.

Therefore, the court overrules the City's motion to dismiss.