## CIRCUIT COURT OF CHESTERFIELD COUNTY

Fiorucci Foods Corp. and
Sovran Leasing Corp.

v.

Chesterfield County

May 12, 1988

Case No. (Law) 2251-87

By JUDGE HERBERT C. GILL, JR.

This case comes before the Court on the County's demurrer to the plaintiff's application for correction of erroneous assessment of tangible personal property taxes. Plaintiffs, Fiorucci Foods and Sovran Leasing Corporation, allege in the four count application that Sovran leased moveable insulated panels or partitions to Fiorucci for use by Fiorucci in its meat product manufacturing facility located in Chesterfield County. The County of Chesterfield, defendant in this action, assessed tangle personal property taxes against Sovran in the amount of $36,923.60, attributable to the equipment it leased to Fiorucci. In the alternative counts, the plaintiffs allege the assessment is erroneous because the equipment was intangible personal property subject to taxation by the Commonwealth pursuant to Virginia Code § 58.1-1100 and/or Virginia Code § 58.1-1101, or that the equipment constituted machinery and tools, as determined by the use made of the equipment by Fiorucci and not tangible personal property and thus Chesterfield County has over-assessed the tax.

The County's demurrer urges that the assessment is correct as a matter of law, asserting that under Virginia law it is the use of the property by its owner and not

by a lessee which controls the classification of the property as tangible or intangible personal property, and whether the property should be classified as machinery and tools. Since Sovran is in the leasing business, and not in the manufacturing business, the County avers the property was correctly assessed as tangible personal property. Additionally, the County alleges misjoinder, arguing Fiorucci has no standing to challenge the assessment because Sovran, and not Fiorucci, was assessed with the tax.

In ruling on the sufficiency of pleadings when tested by demurrer, the Court must consider all facts as alleged by the plaintiff's pleadings as true and give reasonable inferences of fact which fairly and justly could be adduced from the facts alleged. *Ryland Group v. Willis*, 229 Va. 459 (1985). The purpose of the demurrer is not to raise issues of fact, but the Court must take the allegations as true.

One of the key issues in this case is the use of the equipment. The plaintiffs contend the equipment is used in manufacturing by the lessee while the County contends the use by the lessor, Sovran, is key to determining the assessment. This is a question of fact and not one to be determined at this juncture in the proceedings. Whether or not it is the use of the equipment or the ownership of the equipment that is determinative of the appropriate classification is a question that must be answered as it is the ultimate issue in the case. The pleadings are sufficient to withstand demurrer on this point.

The Court now considers the question of the standing of Fiorucci in this action. Under the equitable doctrine espoused in *Commonwealth v. Smallwood*, 124 Va. 142 (1919), it is appropriate for Fiorucci to join in the suit since it has a substantial interest in the assessment, since it is Sovran's assignee by contract to claim any abatement or refund of the taxes assessed to Sovran, and since the pleadings allege that it paid the tax. Fiorucci is a proper party and the demurrer is overruled on this point.

I ask Mr. Piacentini to prepare an order overruling the demurrer.