# Reynolds Metals Company

## v.

## County of Henrico

Record No. 870239

April 21, 1989

Present: All the Justices

*James L. Sanderlin (Gerald E. Wilson; Elizabeth F. Edwards; Robert A. Warwick; McGuire, Woods, Battle & Boothe*, on briefs), for appellant.

*W. Todd Benson, Assistant County Attorney (Joseph P. Rapisarda, Jr., County Attorney*, on brief), for appellee.

LACY, J., delivered the opinion of the Court.

Reynolds Metals Company (Reynolds) leased equipment which it used in its business operations in Henrico County (County). For the tax years 1982 through 1985, Reynolds filed the personal property tax returns on behalf of the lessors, and paid the personal property taxes on the leased equipment in accordance with the terms of the lease.

In December 1985, Reynolds and the lessors of the equipment filed an application for correction of erroneous tax assessments pursuant to Code § 58.1-3984. The County filed a demurrer to the application, contending that Reynolds was not a proper party plaintiff. The trial court sustained the County's demurrer and dismissed Reynolds as a party. Reynolds appeals.

In deciding this case, we must examine Code § 58.1-3984, which provides in pertinent part: "Any person assessed with local taxes, aggrieved by any such assessment, may . . . apply for relief . . . ." Relying on the principle that a county is subject only to a suit brought in strict compliance with the authorizing statute, the County contends that to maintain a suit under this statute a plaintiff must (1) be an owner of the property assessed, (2) be the person assessed, and (3) be the person aggrieved by the assessment. The County argues that Reynolds fails the test because it is merely a lessee, not an owner, and is not the person assessed with the personal property taxes.

An aggrieved party's right to attack a local tax assessment is well-established. For example, this Court in *Commonwealth* v. *Smallwood Mem'l Inst.*, 124 Va. 142, 97 S.E. 805 (1919), examined the predecessor of § 58.1-3984. There we held that the purpose of the statute was "to relieve the person aggrieved by the erroneous assessment." *Id.* at 145, 97 S.E. at 806. Although the Smallwood Institute had only an equitable ownership interest in the property assessed, it brought suit to challenge the assessment.

In rejecting the Commonwealth's contention that suit could only be maintained by the person in whose name the property was assessed, we did not define "person assessed" to mean an owner or equitable owner. Rather, we reviewed the impact of the assessment and the taxes on the interests and rights of the Institute and concluded that the Institute, with its equitable ownership interest, was a person aggrieved by the assessment. Smallwood Institute was allowed to maintain the suit because it was aggrieved by the assessment and, "therefore, entitled to invoke the statute for relief from an illegal burden." *Id.* at 145, 97 S.E. at 806.

A statute authorizing the filing of suit to challenge or correct the assessment of taxes is a remedial statute and as such should be construed liberally to afford the relief envisioned by the legislature. *See, e.g., City of Richmond v. Turnpike Authority,* 204 Va. 596, 599, 132 S.E.2d 733, 735 (1963); *Chesapeake & Potomac Telephone Co. v. City of Newport News,* 194 Va. 409, 413, 73 S.E.2d 394, 397 (1952). The analysis and application of Code § 58.1-3984, as initially set out in *Smallwood,* has not been altered by this Court or the General Assembly. The purpose of the statute, to allow an aggrieved party an opportunity to seek relief, remains unchanged.

An analysis of Reynolds' position in the instant case requires a reversal of the trial court's holding. Reynolds paid the taxes in question. If the tax assessment were ultimately found to be too high, Reynolds would be the party aggrieved by an overpayment. If the taxes had not been paid, the County would have been entitled to seize the equipment which obviously would have had an adverse affect on Reynolds' business operation. Reynolds' interest in the property tax assessment clearly makes it a party aggrieved by the assessment and, therefore, entitled to bring an action under § 58.1-3984.

For the foregoing reasons, we will reverse the judgment of the trial court and remand the case for trial on the merits.

*Reversed and remanded.*