In re TYCON I BUILDING LIMITED PARTNERSHIP, Debtor.

TYCON I BUILDING LIMITED PARTNERSHIP, Plaintiff,

v.

COUNTY OF FAIRFAX, and Old Stone Bank, Defendants.

Bankruptcy No. 88–02201–AT.
Adv. No. 90–1144–AT.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 7, 1991.

Bruce W. Henry, Hunton & Williams, Fairfax, Va., for debtor/plaintiff.

Carol A. Joffee, Keck, Mahin & Cate, Washington, D.C., for defendant, Old Stone Bank.

Jill L. Rowe, Asst. Co. Atty., Fairfax, Va., for defendant, County of Fairfax.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The debtor-in-possession in this chapter 11 case, Tycon I Building Limited Partnership, brought this adversary proceeding seeking payment to it of a $19,362.01 overpayment in county real estate taxes on property previously owned by the debtor. The issue is not whether a refund is justified but whether the refund should be paid by the county to the debtor or to Old Stone Bank, a creditor that sold the property at foreclosure during the year the tax was assessed. A trial was held on April 19, 1991. After considering the arguments of counsel this court awards the funds to Old Stone Bank but also awards the debtor the amount of its expenses in creating the overpayment.

### Facts

This chapter 11 case was filed on November 16, 1988. The debtor's principal asset was the Tycon I Building located in Fairfax County, Virginia. For the tax year commencing in January of 1989 the county assessed the value of the property at $12,013,060.00. Based on this assessment the county determined that the total tax due for the year 1989 was $142,955.41.

During 1989, rent received from the property was the subject of a cash collateral dispute. By order entered on July 25, 1989, the debtor's management company was permitted to use the rents to pay necessary expenses, including paying the real estates taxes.

Virginia state law and the Fairfax County code permit real estate tax to be paid biannually. Half of the tax bill must be paid by July 28 of the taxable year, and the balance must be paid by December 5. Accordingly, the debtor was billed and paid $71,477.71 in July of 1989. Tycon made no further payment of the real estate tax for the year.

In the meantime, the debtor challenged the assessed value of the property, and on December 1, 1989, the county reduced the assessed value to $10,386,000.00 effective as of January 1, 1989. Correspondingly, the total tax on the property was reduced. By the time the second installment was due, however, Old Stone Bank had been granted relief from the automatic stay and was in the process of foreclosing on the property. On or about December 1, 1989, in order to protect against a tax lien on the

land Old Stone paid the second installment of $71,477.70 in full, apparently not being apprised of the reduced tax. The result was the overpayment of tax in the amount of $19,362.01.

The actual foreclosure was complicated by an unsuccessful sale on October 26, 1989, where the purchaser failed to close the sale. On December 21, 1989, the property was again sold at foreclosure, this time to Old Stone Bank.

Tycon brought this adversary proceeding against the Fairfax County and Old Stone bank seeking recovery of the overpayment pursuant to 11 U.S.C. § 542. Old Stone filed a cross-claim against Fairfax county seeking an order directing the county to pay the overpayment to Old Stone. Fairfax County interpleaded and was dismissed from defending the adversary by agreeing to pay the $19,362.01 plus ten percent interest from December 5, 1989, as directed by the court.

### Position of Parties

Tycon makes its principal argument for the money under state law. At oral argument, Tycon cited two Virginia cases for the proposition that as owner of the realty it is the party aggrieved by the tax overpayment and therefore entitled to payment. *Reynolds Metals Co. v. County of Henrico*, 237 Va. 646, 378 S.E.2d 833 (1989); *City of Richmond v. Monument Avenue Development Corp.*, 184 Va. 152, 34 S.E.2d 223 (1945).

Tycon further asserts that its interest in the overpayment is not subordinated to any lien on rent proceeds used to pay the tax. Any lien that existed, claims Tycon, was obliterated upon the merger of the deed of trust with the transfer of title to Old Stone. In addition, Tycon characterizes the tax overpayment as a general intangible and claims that it was therefore not covered by the deed of trust.

Finally, Tycon requested in its complaint that in the event it is not awarded the funds it should at least be awarded the amount of its attorney's fee and expenses in pursuing the refund pursuant to § 506(c).

Old Stone argues that the overpayment was attributable solely to its December payment. Old Stone points out that Tycon had title to the property for 355 days of 1989 and would therefore be liable for 97.26 percent of the tax levied in that year, yet it paid less than that amount in tax on the property. In addition, Old Stone argued that the refund should not be apportioned among the two payments.

Old Stone supported its argument with testimony of Mrs. Roselyn Lloyd, A Fairfax County management analyst. This court accepts her testimony as true. Mrs. Lloyd testified that real estate taxes are assessed in a single amount for the entire year. A reduction in tax after the first payment had been made would not result in an overpayment until the entire amount of tax for the year had been paid in full. In this case, even if the reduction had been announced immediately after Tycon's payment in June, it would not have been entitled to any refund. Tycon would only have received a reduced bill for December's payment.

Old Stone countered Tycon's claim for legal fees and expenses as unwarranted by the equities of the situation.

### Discussion and Conclusions

This court cannot accept Tycon's claim to the overpayment. The cases cited do not support its position. In *Reynolds Metals*, 237 Va. 646, 378 S.E.2d 833, the Supreme Court of Virginia addressed the situation where a lessee of personal property who agreed to pay the taxes on the property applied for correction of erroneous assessments pursuant to Va.Code § 58.1–3984, which provided in part: "Any person assessed with local taxes, aggrieved by any such assessment, may ... apply for relief...." Va.Code Ann. § 58.1–3984 (1991 repl. vol.). The county asserted that since lessee was not the owner, and therefore was not assessed with the taxes, it could not maintain an action under the statute. The Court rejected this argument, stating that since the lessee paid the tax in question, it could be a person aggrieved

and could bring an action under the statute. *Reynolds,* 237 Va. at 648, 378 S.E.2d at 834.

Tycon refers to the language of the holding, arguing that it too is a person aggrieved, since it paid at least a portion of the tax. Unfortunately for Tycon, this is irrelevant since *Reynolds Metals* stands only for the proposition that an action to reduce a local tax assessment may be brought by a person other than the owner so long as the person paid the taxes in question. It does not address the question to whom a refund must be paid or how it should be apportioned where there is more than one potential payee.

*City of Richmond v. Monument Avenue Development Corp.,* 184 Va. 152, 34 S.E.2d 223 (1945), is similarly inapplicable. In this case the issue was when the owner's tax liability would cease after a tax sale. The Virginia Court of Appeals determined that taxes continued to accrue against the owner of land in the intervening period between the city's purchase of the land at a tax sale and the city's eventual compliance with the statute in transferring title to it.

Tycon points to language in the opinion stating that taxes accrue against the owner of land and that until title is vested in a purchaser "[t]he owner has title to the land subject to [the purchaser's] lien and the right to redeem from the lien upon the terms specified." *City of Richmond,* 184 Va. at 166, 34 S.E.2d at 229. The court is unable to ascertain the significance of this language. There is no dispute that Tycon was owner of the land and was liable for the taxes on the Tycon Building for the greater portion of 1989.

The question here is whether Tycon's entitlement to the tax overpayment is greater than Old Stone's. Its ownership of the land and liability for the tax are not sufficient to establish its claim to the overpayment.

As a court of equity, this court must consider that the source of the overpayment was Old Stone Bank. Tycon's claim is based upon its ownership of the property. Old Stone's claim is based upon its having actually paid the funds that cre-

ated the excess. Tycon has, to date, paid only approximately 48 percent of its pro rata tax liability on the property. Old Stone paid the balance. Even though the bank would not have been individually liable, the tax encumbered the bank's collateral and had to be paid. To grant Tycon all or a portion of the overpayment would result in a windfall gain. Therefore, this court determines that as between Old Stone and Tycon, Old Stone has the superior claim to the overpayment.

In view of this court's ruling, Tycon's merger argument need not be addressed.

## SECTION 506(C) EXPENSES

All that remains is Tycon's § 506(c) claim for legal fees and expenses. Section 506(c) provides:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

11 U.S.C. § 506(c) (1990).

■ As debtor in possession, Tycon enjoys generally the same powers and duties as would a trustee. 11 U.S.C. § 1107. At the trial, Tycon proffered evidence that it's legal fees amounted to $1,246.25.

■ To the extent that Tycon's efforts resulted in a reduction of the tax liability on the land Old Stone received a benefit. This court finds that the amount expended constitutes a reasonable, necessary expense of preserving property of the estate. Consequently, Tycon is entitled to receive its costs in pursuing the reduction.

This court will enter a separate order directing the County of Fairfax to pay to Old Stone Bank $18,115.76, plus interest, and to Tycon $1,246.25, plus interest.