## Wytheville.

### HETH v. CITY OF RADFORD.

#### JULY 11, 1898.

Absent, Cardwell, J.

1. CONSTITUTIONAL LAW—*Taxes—Assessment of Property—Notice—Due Process—Charter of City of Radford.*—The imposition of taxes and levies is a "taking" within the meaning of the Constitution of the United States, and if the law under which property is assessed for taxes does not provide an opportunity for the owner to be heard and contest the justice of the assessment he is deprived of his property without due process of law, and the law is unconstitutional and void, and the assessment or levy is illegal. Section 45 of the charter of the city of Radford, being liable to objections of this kind, is unconstitutional and void.

2. ASSESSMENT OF LAND FOR TAXES—*Erroneous Assessments—Section 444 of Code.*—The method prescribed by sec. 444 of the Code for correcting erroneous assessments of real estate applies solely to the general assessment of lands throughout the Commonwealth every fifth year, and has no application to assessments made under special provisions contained in charters of municipal corporations.

Error to a judgment of the Circuit Court of Montgomery county rendered on a motion made by the plaintiff in error against the defendant in error.

*Reversed.*

The opinion states the case.

*Phlegar & Johnson,* for the plaintiff in error.

*Fulkerson, Page & Hurt,* for the defendant in error.

Opinion.

Riely, J., delivered the opinion of the court.

This was an application to the Hustings Court of the city of Radford, under the authority of sec. 571 of the Code, to correct an assessment of levies by the city of Radford on land of the plaintiff in error for the years 1892 and 1893, which were alleged to be erroneous. The judge of that court, being so situated as to render it improper in his opinion for him to try the case, removed it to the Circuit Court of Montgomery county.

On the hearing of the application, the facts were agreed, from which it appears that the land of the plaintiff in error, at the last assessment of lands in the State for the purposes of taxation, made in 1890, in obedience to the requirement of the Constitution and laws enacted in pursuance thereof, was valued at $15,450, and that taxes were assessed and paid to the State according to that valuation, but that the land for the assessment of city levies was reassessed in 1892, under the authority of the charter of the city, and raised from $15,450 to $29,325. The application to the court was to have the city levies for the years 1892 and 1893 abated by the difference between their amounts and what they would have been if they had been based on the general assessment of lands made in 1890. The Circuit Court denied the application.

The writ of error allowed by this court draws in question the validity of sec. 45 of the city's charter, under which the value of the land was assessed for the purpose of laying the city levies. It reads as follows:

"Section 45. * * * The said commissioner of the revenue, in ascertaining the value of the real property taxable in said city, shall fix the same at the actual cash value of said property at the time of assessment, irrespective of the value assessed for the purposes of State taxation, until the next general assessment, and the first assessment not later than July first, eighteen hundred and ninety-two: provided, however, that

a board, consisting of the commissioner of the revenue and two freeholders, shall be appointed by the Corporation Court, whose duty it shall be to assess the real estate of the city."

It will be observed that the section contains no provision by which the owner of the land may have its value, as ascertained by the board of assessors, reviewed and corrected if excessive. No provision is made for a rehearing of the matter by the board upon the complaint of the owner that the land has been valued too high, nor for an appeal to any other tribunal. Its value for the assessment of city levies is finally ascertained and established without giving the owner any opportunity to appear and contest the justice of the valuation.

Imposing taxes or levies is a *taking* of property. The owner is entitled to be heard before the charge is fully established against him. If he is not afforded an opportunity to be heard upon the question of the assessment of his property for taxation, the tax or levy is unlawfully exacted of him, for otherwise he is deprived of his property without due process of law, in violation of the fourteenth amendment of the Constitution of the United States. *Violet* v. *City of Alexandria*, 92 Va. 561; *Davidson* v. *New Orleans*, 96 U. S. 97; and *Hager* v. *Reclamation District*, 111 U. S. 701.

The necessity that provision be made for notice to the owner, and that he be afforded an opportunity to be heard in regard to the assessment of his property for taxation and the laying of taxes and levies upon it, as well as the principles which control with respect to these matters, were elaborately discussed by Judge Cardwell in the case of *Violet* v. *City of Alexandria*, *supra*, and need not be here repeated. It is sufficient to say that where notice to the party to be affected and an opportunity for him to be heard is not provided for in the law under which the assessment is made or the taxes and levies laid, the law is unconstitutional and void, and the assessment or levy is illegal.

It was argued for the defendant in error that the general

statute law afforded the owner of the land an opportunity to contest the justice of the assessment, and sec. 444 of the Code was relied on as providing a tribunal for correcting the assessment, if the valuation was excessive, and prescribing how and when it might be done.

Chapter 23 of the Code, of which sec. 444 forms a part, relates wholly to the general assessment of lands and lots made throughout the State in every fifth year, in obedience to the requirement of the Constitution, (Art. 10, Sec. 6,) by assessors specially appointed by the County and Corporation Courts of all the counties and cities of the State to perform this duty. By sec. 444 provision is made by which an owner of land who feels aggrieved by the assessment of his lands or lots *which is so made*, may have the assessment reviewed and fixed by the court at what, in its opinion, is the true value of the lands or lots. Notice of the application to the court for the correction of the assessment is required to be given to the assessor and the attorney for the Commonwealth. The "assessor," who is referred to in the statute, is the officer, who, as the appointee of the court, made the assessment, and is a distinct officer from the commissioner of the revenue. In the case before us, the assessment was not made under the general law, but was a special assessment made under sec. 45 of the charter of the city by a board consisting of the commissioner of the revenue and two freeholders appointed by the court. Section 444 has no application to the case, and afforded the plaintiff in error no means of redress against the assessment.

No provision being afforded to contest the legality, justice, and correctness of the assessment before it became final, sec. 45 of the charter, under which it was made, is unconstitutional and void, and the assessment illegal and erroneous. This being our conclusion it is unnecessary to consider the other objections made to the validity of the section.

The city levies should have been laid upon the land according to its valuation as ascertained at the general assessment in 1890.

The judgment of the Circuit Court must be reversed, and the case remanded in order that the levies for 1892 and 1893 may be corrected and reduced to what they would have been if they had been based on the valuation of the land as ascertained at the last general assessment.

*Reversed.*