# Staunton.

## C. M. NASH v. W. E. HARMAN AND MINNIE BELLE HARMAN.

### September 22, 1927.

1. EQUITY—*Adequate Remedy at Law—Fraudulent Conveyances—Note Executed by Both Husband and Wife—Conveyance by Husband to Wife—Case at Bar.*—Defendants, husband and wife, gave complainant a note, executed by the husband and endorsed by the wife. Subsequently the husband conveyed a tract of land to his wife. Complainant prayed that this conveyance be declared null and void as voluntary and fraudulent.

   *Held:* That as the note in question was the obligation of both the husband and wife, the conveyance by husband to wife did not lessen complainant's security, or work any fraud upon his rights. This being true, equity could not grant the relief prayed for, as complainant's redress was at law, where he had a complete and adequate remedy.

2. JURISDICTION—*Venue—Suit to Set Aside Conveyance as Fraudulent—County where the Cause of Action Arose—County where the Defendants Reside.*—The instant suit was instituted for the purpose of collecting, primarily, by the sale of a 100-acre tract of land in Tazewell county, the amount due complainant upon a note given by one of defendants and endorsed by the other, his wife. Subsequently to the giving of the note the husband conveyed the 100-acre tract of land to his wife, which conveyance complainant prayed should be set aside as voluntary and fraudulent. The suit was instituted in Tazewell county, where the cause of action arose, and process was served upon the defendants in Wise county, where they resided. The wife demurred and answered the bill and her husband allowed two rule days to pass without filing a plea in abatement, thereby waiving his right to raise the question of jurisdiction.

   *Held:* That the circuit court of Tazewell county had jurisdiction of the cause.

3. JURISDICTION—*General Equity Jurisdiction of the Circuit Court—County or Corporation where the Cause of Action Arises—County or Corporation where the Parties Reside.*—Under Code of 1919, Section 5890, every circuit court of the State has original and general jurisdic-

tion of all cases in chancery and civil cases at law, with certain minor statutory exceptions, which may be brought before it, without regard to the county or corporation wherein the cause of action arose or where the parties reside.

4. JURISDICTION—*Definition.*—By jurisdiction is meant the inherent power to hear and determine the case.

5. VENUE—*Waiver.*—Defendant may waive his right to have a case tried, in the first instance, in the court of a particular county or city.

6. EQUITY—*Transfer of Cause to Law Side of Court—Case at Bar.*—In the instant case the bill on its face showed matter for the jurisdiction of the lower court, although, under the allegations of the bill, no relief could be granted on the equity side of the court. The court had jurisdiction of the subject matter and of the parties, on whom process had been duly executed. The demurrer of one of the defendants to the bill was properly sustained. The other defendant had waived his right to raise the question of venue under section 6105 of the Code of 1919.

*Held:* That instead of dismissing the suit, the court should have sustained the motion of the complainant and transferred the cause to the law side of the court, under section 6084 of the Code of 1919.

7. EQUITY—*Transfer of Cause to Law Side of Court—When Section 6084 of the Code of 1919 Mandatory.*—Where it sufficiently appears that the real reason for the court's action in dismissing a suit was because it was brought on the wrong side of the court, section 6084 of the Code of 1919, providing that no case shall be dismissed because brought on the wrong side of the court, is mandatory.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for defendants. Complainant appeals.

*Reversed and remanded.*

The opinion states the case.

*J. Powell Royall*, for the appellant.

*H. M. Bandy*, for the appellees.

WEST, J., delivered the opinion of the court.

In January, 1925, C. M. Nash, complainant, filed

his bill in chancery in the Circuit Court of Tazewell county against W. E. Harman and Minnie Belle Harman, his wife, defendants, which alleges that, on January 21, 1923, W. E. Harman executed and delivered to C. M. Nash his negotiable note, endorsed by his wife, Minnie Belle Harman, and payable to Nash's order one year after date at the First National Bank of Norton, Virginia, for seven hundred dollars; that the note was executed for a loan which complainant had made to defendants in Tazewell county, Virginia; that on December 27, 1924, W. E. Harman conveyed to his wife, Minnie Belle Harman, one hundred acres of land in Tazewell county, without a consideration deemed valuable in law, and with the intent to hinder, delay and defraud the complainant in the collection of said note.

The prayer of the bill is that the deed of December 27, 1924, be declared voluntary, fraudulent, null and viod as to complainant, and be set aside and the land conveyed therein sold to pay the amount due complainant on the note, and for general relief.

On February 28, 1925, the cause was heard upon the bill and exhibits taken for confessed by order entered at rules and confirmed, as to both defendants, and upon the demurrer and answer of the defendant, Minnie Belle Harman. The order entered at rules was set aside as to Minnie Belle Harman, and her demurrer to the bill was sustained.

Complainant's counsel then moved the court to transfer the case to the law side of the court, under section 6084 of the Code, which motion was overruled.

A decree was entered, dismissing the bill, from which this appeal was allowed.

The appellant assigns as error the action of the court (1) in sustaining the demurrer of the defendant,

Minnie Belle Harman, and dismissing complainant's bill; (2) in overruling the motion of complainant to transfer the cause to the law side of the court, under section 6084 of the Code of Virginia, and (3) in dismissing the bill, without qualifying the decree so as to exclude W. E. Harman from its operation.

[1] It appearing from the face of the bill that the note representing the debt which complainant is endeavoring to collect is the obligation of both W. E. and Minnie Belle Harman, the conveyance of the one hundred acres of land by W. E. Harman to Minnie Belle Harman could not in any way lessen complainant's security, or work a fraud upon his rights. This being true, there was no ground upon which equity could grant the relief prayed for. Complainant's redress is at law, where he has a complete and adequate remedy.

[2] Complainant brought this suit for the purpose of collecting, primarily, by the sale of the one hundred acre tract of land, the amount due him upon the $700.00 note. It was instituted in Tazewell county, where the cause of action arose, and process was served upon the defendants in Wise county, where they reside.

[3, 4] Under the Virginia Code, section 5890, every circuit court of the State has original and general jurisdiction of all cases in chancery and civil cases at law, with certain minor statutory exceptions, which may be brought before it, without regard to the county or corporation wherein the cause of action arose or where the parties reside. By jurisdiction is meant the inherent power to hear and determine the case. Lile's Eq. Pl. & Pr. (2d ed.), section 23, page 13; *Southern Sand, etc., Co., Inc.,* v. *Massaponax, etc., Corp.,* 145 Va. 323-4, 133 S. E. 812.

[5] There are other sections of the Code which deter-

mine the venue or place of trial, among them being section 6049. These confer on the defendant the right to have his case tried, in the first instance, in the court of a particular county or city; but he may waive this right.

Section 6105 of the Code provides: "Where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of jurisdiction shall be allowed unless it be taken by plea in abatement. No such plea in abatement shall be received after the defendant has demurred, pleaded in bar or answered to the declaration, or bill, nor after the rules next succeeding the rules at which the declaration or bill was filed."

The bill in the instant case shows on its face proper matter for the jurisdiction of the Circuit Court of Tazewell county, although, under the allegations of the bill, no relief can be granted on the equity side of the court.

The court had jurisdiction of the subject matter and of the parties, on whom process had been duly executed. Defendant, Minnie Belle Harman, having demurred to and answered the bill, and W. E. Harman having allowed two rule days to pass after the filing of the bill, they will be considered to have waived their right to raise the question of jurisdiction—more accurately speaking, venue—by plea in abatement under section 6105, *supra.*

"The jurisdiction referred to is the territorial jurisdiction of the court over such matter, which jurisdiction involves the venue of the suit or action. That is to say, where the proper parties are before a circuit court * * * its territorial jurisdiction over persons and property is coextensive with bounds of the whole State." *Moore* v. *N. & W. Ry. Co.*, 124 Va. 635, 98 S. E. 637.

[6, 7] For reasons already suggested, the defendant's demurrer to the bill was properly sustained; but, instead of dismissing the suit, the court should have sustained the motion of the complainant and transferred the same to the law side of the court, under Code, section 6084. It sufficiently appears that the real reason for the court's action in dismissing the suit was because it was brought on the wrong side of the court. Where this is the case, the statute is mandatory.

Section 6084 reads, in part, as follows: "No case shall be dismissed simply because it was brought on the wrong side of the court, but whenever it shall appear that a plaintiff has proceeded at law when he should have proceeded in equity, or in equity when he should have proceeded at law, the court shall direct a transfer to the proper forum, and shall order such change in, or amendment of, the pleadings as may be necessary to conform them to the proper practice; * * * *."

For the foregoing reasons, the decree dismissing the bill will be set aside and annulled, and the cause remanded to the circuit court with instructions to reinstate the same on the docket, and to direct its transfer to the law side of the court, and order the making of such change in, or amendment of, the pleadings as may be necessary to conform them to the proper practice, with leave to the defendants, on the first day of the next term of the court after the pleadings are so amended, to plead to the jurisdiction of the court, if they shall be so advised