## CIRCUIT COURT OF BEDFORD COUNTY

Ronald L. Browne

v.

Va. Employment Commission

September 14, 1978

By JUDGE WILLIAM W. SWEENEY

This case is before this Court for judicial review of a decision of the Virginia Employment Commission under Virginia Code Section 60.1-67.

Claimant, Browne, filed an initial claim for benefits on February 17, 1976. On March 8, 1976, the Deputy Commissioner issued his opinion that the claimant was disqualified for unemployment benefits because he had voluntarily left his employment without cause. Both claimant and his employer received notice of this determination. However, upon presentation of additional evidence by the claimant in the form of a doctor's report, the Deputy Commissioner reversed his initial decision on March 15, 1976, and found the claimant qualified for benefits. The claimant received notice of this decision but the employer did not receive notice until December 1976, when it received an experience rating chart from the Commission showing that the claimant, Browne, had continued to receive compensation. On December 13, 1976, the employer filed an appeal under Code Section 60.1-61 regarding the second determination. Pursuant to hearings held in February and March 1977, the appeals examiner ruled that the claimant was disqualified for benefits thereby reversing the Deputy's second determination. The claimant appealed this decision and the full

Commission on June 22, 1977, affirmed the appeals examiner's decision denying benefits. No appeal was taken from the June 22nd decision which is now final.

On August 5, 1977, a Deputy Commissioner ordered that the claimant had been paid benefits to which he was not entitled. The claimant appealed this ruling, and on April 14, 1978, the Virginia Employment Commission ruled that the claimant had been overpaid. It is from the Commission's decision of April 14, 1978, that the claimant appeals to this Court for judicial review. As stated in the record, the only issue in the proceeding appealed from was whether the claimant had been overpaid unemployment compensation. The amount of overpayment is not in issue.

Judicial review of a Virginia Employment Commission decision is expressly limited by Section 60.1-67 which provides that the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Circuit Court shall be confined to questions of law. In the Commission's decision of June 22, 1977, which was not appealed, and is final, the Commission found as a fact that Browne had left work from his employment at Holly Poultry Company, Bedford, Virginia, voluntarily without good cause and, therefore, was barred from compensation under Section 60.1-58(a). (Record - 14) In the Commission decision of April 14, 1978, which decision is before this Court for review, the Commission found as a fact:

1. That the employer, Holly Poultry Company, had not received notice of the Deputy's determination dated March 15, 1976, qualifying Browne for benefits.

2. That notice of such determination was mailed to the employer in Bedford, Virginia, at an incomplete or incorrect address. (Record - 25)

Section 60.1-61 in effect in March, 1976, provided as follows as to appeals from the decision of Deputy Commissioners:

> Unless the claimant or any such employing unit within five (5) calendar days after the delivery of such notification, or within seven (7) calendar days after such notification was mailed to his last known address. . . files

an appeal from such determination or decision, such determination or decision shall be final . . .

Effective July 1976, the above statute was amended to provide as follows:

Unless the claimant or any such employment unit, within fourteen (14) calendar days after the delivery of such notification, or within fourteen (14) calendar days after such notification was mailed to his last known address. . . files an appeal from such determination or decision, such determination or decision shall be final; *provided, however, that for good cause shown the fourteen (14) day period may be extended.* . . . (Amended language italicized.)

Assuming that the question of the Commission's jurisdiction to allow the employer to file a late appeal may be raised in the last proceeding fixing overpayment to Browne, the only issue now before this Court is one of jurisdiction of the Commission to allow the employer a late appeal under the circumstances. All other matters are now final.

It is the claimant's position that the Commission was without jurisdiction to allow the employer's appeal and that, therefore, the Deputy Commissioner's decision of March, 1976, allowing benefits to the claimant, is now final. It is the Commission's position that it had the power to allow a late appeal under the circumstances, and that even if a strict reading of the appeals statute is applied, the failure to allow an appeal where one of the parties had not received notice of the decision would amount to a denial of due process and a taking of property without notice.

The Commission, in its brief, cited a number of cases where it had extended the appeal period for employees prior to the statutory amendment giving it the specific right to do so. If the claimant's position is correct in this case; that is, that the Commission had no jurisdiction to allow a late appeal under any circumstances and that jurisdiction could be raised at any time, then all

previous awards made after extension of appeal periods could be set aside at this time. Obviously, this would affect mostly employees since they usually are the parties requesting extension of the appeal period.

There are several reasons why the findings of the Commission must be affirmed. First, to rule otherwise would deny procedural due process to the employer. Since it is a decided fact in the case that the employer never received notice of the award and did not waive its rights to notice, it necessarily follows that the employer could not appeal within the statutory period. The Virginia and the United States Constitutions provide that no person shall be denied life, liberty or property without due process of law. Under the facts of this case, if the appeal period could not have been extended under any circumstances, then the employer would have suffered a taking of protected property without effective notice and without an opportunity to be heard, in violation of the Constitutional principles of procedural due process. As applied to the facts of this case, portions of Section 60.1-61, in effect in March 1976, would be unconstitutional in its application if it were construed to deny protected property rights to a party without notice. As the United States Supreme Court has said:

> For more than a century, the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard, and in order that they may enjoy that right they must first be notified. *Fuentes v. Shevin*, 407 U.S. 67 (1972).

In an early Virginia case, *Underwood v. McVeigh*, 64 Va. (23 Gratt.) 409 (1873), the Court said "A tribunal which decides without hearing the defendant, or giving him an opportunity to be heard, cannot claim for its decrees the weight of a judicial sentence. . . ."

Clearly, the employer in this case had a "property right" to be protected, a taking of money by taxation. See *Heth v. City of Radford*, 96 Va. 272, 31 S.E. 8 (1898). The degree of taking is irrelevant. See *Klimko v. Virginia Employment Commission*, 216 Va. 750, 222 S.E.2d 559 (1976). As Justice Poff stated in the *Klimko* case, the first

question is whether the interest is a property interest protected by procedural due process guarantees, and the second question is whether the procedures *prescribed or applied* are sufficient to satisfy the due process "fairness" standard.

Notice is required to satisfy the due process "fairness" standard. As stated in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950): "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all the circumstances, to apprise interested parties of the prudency of the action and afford them an opportunity to present their objections."

In a 1976 Florida case involving similar facts, the District Court of Appeals, reviewing an order of the Industrial Relations Commission, ruled that failure to provide adequate notice of proceedings before the Appeals referee violated procedural due process. The Court concluded that "due process of law requires either proper notice of the issues to be heard or a basis in the record to show an informed and intelligent waiver of the same. See *Hardee v. Florida Dept. of Commerce*, 343 So. 2d 842 (Fla. App. 1976).

In another Florida case in point, *Miami Dolphins, Ltd. v. Florida Department of Commerce*, 252 So. 2d 396 (Fla. Dist. Ct. App. 1971), notice of an examiner's decision of a valid claim filed by an employee was mailed to the employer but, due to the Christmas-New Year's mail surge, the notice was not received until after the time for appeal had passed. The Court decided that the employer should be permitted to present a defense to its failure to act within the ten-day appeal period. The Court explained that:

> Our review of the agency order in question will be concerned with according the parties their constitutional and statutory rights, and to accomplish the purposes and objectives of the Administrative Procedures Act, as recently amended. . . .
>
> We note that both the hearing examiner, as well as the agency, have the power, subject to the agency's published rules, to dispose

of procedural requests or similar matters and to enter any order to carry out the purposes of the Florida Administrative Procedures Act . . . .

Therefore, we quash the order of the agency by issuance of the writ of certiorari which we now grant, so that the petitioner may be afforded an opportunity to present a defense if its failure to respond to the notice within the ten-day period is shown to be due to non-delivery of such notice. Of course, we do not intimate any views as to the validity of the explanation or petitioner's ability to prove the facts upon which he would support such explanation. *Id.* at 398 (citations omitted).

In addition, there are several other grounds upon which the Commission's decision should be affirmed. While it is true that there is no room for statutory construction of language which is unambiguous, the appeal statute must be read with other parts of the Act in order to satisfy the general purpose and intent of the Legislature. Section 60.1-34 of the Virginia Unemployment Compensation Act (in effect in March, 1976) provided as follows:

It shall be the duty of the Commission to administer this title. And it shall have power and authority to adopt, amend, or rescind such rules and regulations, to employ such persons, make such expenditures, require such reports, make such investigations, and take such other action as it deems necessary or suitable to that end. . . The Commission shall determine its own organization and methods of procedure in accordance with provisions of this title. . . . Va. Code Section 60.1-34 (1973).

According to the Rules and Regulations of the VEC, there existed a provision in March of 1976 which allowed the VEC, in the case of a late appeal, to conduct a hearing on the procedural issue of timeliness and on good cause

for lateness. The applicable portions of "Regulation X--Appeals" are as follows:

### A. Appeals to Appeal Tribunals.

2. *Time and Place of Hearing--Notices.* Upon the filing of an appeal, the record in connection with the claim together with the notice of appeal shall be forwarded to an appeal tribunal consisting of a salaried examiner only, who, upon finding that the appeal should not be denied because not filed within the time prescribed by law, shall docket the case and shall, as soon as practicable, fix the time and place for the hearing of the appeal. *Should the examiner find that the appeal was not filed within the time prescribed by law, a hearing shall be scheduled on the procedural issue of timeliness and on good cause for lateness.* (Emphasis supplied.)

Rules and Regulations Affecting Unemployment Compensation, Virginia Employment Commission, effect 6/1/74, p. 27.

Considering the beneficial purpose of the Act, the Courts should construe provisions of this Act to effect its purpose without applying strict standards of construction where such a construction would result in an unjust or unfair result to either the employer or the employee. In most cases, an extension of an appeal period would benefit the employee and should be allowed if good cause exists. There is no reason why different standards should be applied toward employers.

In *Binswanger Glass Co. v. Wallace,* 214 Va. 70, 197 S.E.2d 191 (1973), the Court ruled that while time limitations for initial filing for workmen's compensation claims are jurisdictional, the Code requirement as to the period for review by the Commission on the issue of change in the employee's condition is not jurisdictional. Section 65.1-99 provided in part for a review period of twelve months from the last day for which compensation was paid. The Virginia Supreme Court rejected an argument that this statutory time limit was mandatory and jurisdictional.

The interpretation and construction of statutes by administrative agencies is not controlling but is accorded great weight by the courts.

> The long-continued construction of state statute by the state agency charged with administering it may be accepted by the federal court as representing the state law, even where the language of the statute, to an outsider, might appear to require a different construction. *Travelers Ins. Co. v. Nationwide*, 227 F. Supp. 958 (W.D. Va. 1964).

Finally, although counsel did not argue the point, it appears that the 1976 amendment to Code Section 60.1-61 allowing time extensions "for good cause shown" could be applied retroactively to cover this case. The general rule that statutes should be given prospective effect does not apply to remedial legislation where vested rights are not affected. The Act itself is remedial. See *Ford Motor Co. v. Unemployment Compensation Commission*, 191 Va. 812, 63 S.E.2d 28 (1951). It is procedural in nature. The case was still before the Commission when the statute was amended. By analogy, the Virginia Supreme Court has accorded retroactive status to the "Virginia Long Arm Statute." *Walke v. Dallas, Inc.*, 209 Va. 32, 161 S.E.2d 722 (1968). While it might be argued that retrospective application here would disturb vested rights, i.e., that the claimant had a vested right in the decision of the Deputy Commissioner who awarded him benefits, this argument is to some extent refuted by *Bain v. Boykin*, 180 Va. 259, 23 S.E.2d 127 (1942). At least, the amendment is reflective of legislative intent that appeal time limits from deputy commissioner's decisions not be cast in concrete at the expense of due process fairness.

For reasons stated, the Commission's decision is affirmed.