Tammy **ADAMS** and Amy **Adams,** t/a
Sister Ann, Plaintiffs,

v.

**BOARD OF SUPERVISORS OF HENRY COUNTY, VIRGINIA, et al.,**
**Defendants.**

**Civ. A. No. 83–0016–D.**

United States District Court,
W.D. Virginia,
Danville Division.

July 29, 1983.

the Court answers this question in the affirmative and hereby GRANTS Defendants' Motion to Dismiss.

## I.

In their complaint, Plaintiffs Tammy and Amy Adams, trading as Sister Ann, allege that they are engaged in the occupation of palmistry and fortune telling in Henry County, Virginia; that in 1982 Tammy Adams was required to pay, under protest and threat of criminal prosecution, an annual county license tax in the amount of $2,500; and that Amy Adams, Tammy's sister-in-law, wishes to pursue this occupation but is financially unable to pay the required county license tax. Plaintiffs further aver that the license tax is unconstitutional in that it unduly burdens interstate commerce; is arbitrary, unreasonable, and confiscatory in that it bears no reasonable relation to the purpose to be served; and is violative of the due process and equal protection clauses of the United States Constitution and the Constitution of Virginia. Plaintiffs seek compensatory damages.

Defendants, in their Motion to Dismiss, ask for dismissal of this suit on the ground that it is barred by the Tax Injunction Act and principles of comity and abstention.

Junius P. Warren, Hartley & Warren, Martinsville, Va., for plaintiffs.

L. Dale McGhee, Philpott & McGhee, Bassett, Va., for defendants.

## MEMORANDUM OPINION

KISER, District Judge.

This case is pending before the Court on Defendant Board of Supervisors of Henry County, Virginia's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. The question presented is whether the Tax Injunction Act, 28 U.S.C. § 1341 (1976), and principles of comity deprive this Court of jurisdiction to entertain this case. The issue having been briefed and argued,

## II.

### A.

Section 5–10 of the 1983 Code of Henry County provides:

"Any person who, for compensation, shall pretend to tell fortunes or assume to act as a clairvoyant or to practice palmistry or phrenology shall be subject to an annual license tax of two thousand five hundred dollars ($2,500.00)."

Henry County, Virginia, Code art. III, ch. 5, § 5–10 (1983).[1]

The Tax Injunction Act, 28 U.S.C. § 1341 (1976) states:

"The district courts shall not enjoin, suspend or restrain the assessment, levy

---

1. Va.Code § 58–377.1 (1982 Cum.Supp.) empowers counties to impose a license tax upon persons who, for compensation, practice palmistry or fortune telling.

or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State."

### B.

■ Initially, the Court must determine whether the license tax in question is a "tax" within the meaning of the Tax Injunction Act. Plaintiffs contend that since the license tax is in essence not a tax but "a regulatory statute exercising police power", the Act is inapplicable here. Plaintiffs' Brief at 2. License taxes, however, have been determined to fall within the ambit of the Act. *See, e.g., A Bonding Co. v. Sunnuck,* 629 F.2d 1127 (5th Cir.1980) (bail bond license tax) and cases cited in 17 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4237, n. 14 (1978) [hereinafter cited as Wright, Miller and Cooper].

### C.

In *Matthews v. Rodgers,* 284 U.S. 521, 525–526, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932), the Supreme Court said:

> [M]ere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question is involved ...

Congress codified this policy of judicial restraint in state and local tax controversies in 1937 with the predecessor of 28 U.S.C. § 1341. Act of Aug. 21, 1937, 50 Stat. 738, 28 U.S.C. § 41(1). *See Great Lakes Co. v. Huffman,* 319 U.S. 293, 298–299, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943). Under "[t]his broad jurisdictional barrier", federal district courts are expressly prohibited, in most situations, from interfering with state or local tax collection except in instances where the state court remedy is not "plain, speedy and efficient." *Moe v. Confederated Salish and Kootenai Tribes of Flathead Reservation,* 425 U.S. 463, 470, 96 S.Ct. 1634, 1639, 48 L.Ed.2d 96 (1976). In order to establish subject matter jurisdictions in the instant case, Plaintiffs must show by a preponderance of the evidence that they fall within the purview of this statutory exception. *See California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982); *Rosewell v. La Salle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); *Strescon Industries, Inc. v. Cohen,* 664 F.2d 929 (4th Cir.1981); *Rogers v. Miller,* 401 F.Supp. 826 (E.D.Va. 1981). *See generally* 17 Wright, Miller, and Cooper, *supra,* § 4237; C. Wright, The Law of Federal Courts § 51 (4th ed. 1983), Annot., 17 L.Ed.2d 1026 (1976).

In *Rosewell v. La Salle National Bank, supra,* the Supreme Court, after an extensive review of previous decisions and the legislative history of the Act, construed the meaning of the "plain, speedy and efficient" exception to the Tax Injunction Act so as "to require a state-court remedy [to meet] certain minimal *procedural* criteria." 450 U.S. at 512, 101 S.Ct. at 1228 (emphasis in original). There, a state court remedy which "provided the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax" was held to be "plain, speedy and efficient." 450 U.S. at 514, 101 S.Ct. at 1229 [quoting *La Salle National Bank v. County of Cook,* 57 Ill.2d 318, 324, 312 N.E.2d 252, 255–256 (1974)]. Last Term, the Supreme Court went on to explain:

> The holding in *Rosewell* reflects not only Congress' express command in the Tax Injunction Act, but also the historical reluctance of the federal courts to interfere with the operation of state tax systems if the taxpayer had available an adequate remedy in the state courts.... In order to accommodate these concerns and be faithful to the congressional intent "to limit drastically" federal court interference with state tax systems, we must construe narrowly the "plain, speedy and efficient" exception to the Tax Injunction Act.

*California v. Grace Brethren Church,* 457 U.S. at 412–413, 102 S.Ct. at 2510. "Con-

gress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Court,* 526 F.2d 1331, 1336 (8th Cir.1975) (en banc), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976).

The state remedy provided to Plaintiffs need not be the best remedy available or even equal to or better than the remedy which might be available in federal court. *Bland v. McHann,* 463 F.2d 21, 29 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973) and cases cited in 17 Wright, Miller and Cooper, *supra,* at 421, n. 21. "A state remedy either in law or equity will, if otherwise adequate, suffice to defeat jurisdiction." 17 Wright, Miller and Cooper, *supra* at 420–421. This remedy may be found both in state statutory law and decisional authority. *Tully v. Griffin, Inc.,* 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976).

With these principles in mind, the court turns to Virginia law to determine whether there exists a "plain, speedy and efficient" remedy for Plaintiffs' claim.

### D.

Virginia Code § 58–1145 (1982 Cum. Supp.) states that any person aggrieved by "county . . . levies or other local taxes" may apply for relief in the circuit court of which county in which the assessment was made. Moreover, the Supreme Court of Virginia has consistently held that relief under this section is not confined to correction of an assessment which is merely erroneous, but also embraces state and local taxes claimed to be unconstitutional, illegal and void. *See Chesapeake and Potomac Tel. Co. v. City of Newport News,* 194 Va. 409, 413, 73 S.E.2d 394, 397 (1952); *Todd v. County of Elizabeth City,* 191 Va. 52, 56, 60 S.E.2d 23, 25 (1950).

This code section is not the sole remedy available to Plaintiffs in that an action in law may still be maintained provided the taxes illegally exacted were paid under compulsion. *See City of Charlottesville v. Mark's Shows,* 179 Va. 321, 330–33, 18 S.E.2d 890, 895–896 (1942). Moreover, Code § 58–1148 (1982 Cum.Supp.) expressly provides circuit courts with broad powers to order correction of any erroneous charge of a local license tax. Code § 58–1152.1 (1982 Cum.Supp.), in pertinent part, adds that "[I]f any tax is declared to be unconstitutional by a court of competent jurisdiction, the governing body [of the county levying the local tax] may grant a refund of such tax hereunder to all taxpayers, for those years to which the court proceeding was applicable." And these statutory sections are to be liberally construed in order to furnish an expeditious and inexpensive remedy against taxes which have been erroneously assessed or collected. *Chesapeake and Potomac Tel. Co. v. City of Newport News,* 73 S.E.2d at 397. Therefore, since Plaintiffs have several possible avenues [2] of attacking this annual license tax in Virginia courts, they do not fall under the "plain, speedy and efficient" exception to the Tax Injunction Act and have failed to establish that this Court has the requisite subject matter jurisdiction.

### E.

Moreover, it is unnecessary for this Court to decide whether the Tax Injunction Act alone bars Plaintiffs' claims for damages inasmuch as the Supreme Court, in *Fair Assessment in Real Estate Association, Inc. v. McNary,* 454 U.S. 100, 107, 102 S.Ct. 177, 181, 70 L.Ed.2d 271 (1981) has held that principles of comity also bar a federal court from granting damages relief in state tax cases. In reaching its decision, the *McNary* court expressly declined to consider whether the Act bars a damages action under 42 U.S.C. § 1983; thus, the principle of comity relied upon there is equally applicable in

---

**2.** Still another possible method of relief available to Plaintiffs in Virginia courts may be the state declaratory judgment act. Virginia Code §§ 8.01–184 to –191 (1977).

this case. *See Sipe v. Amerada Hess Corp.,* 689 F.2d 396, 403–404 (3rd Cir.1982).[3]

### F.

For the foregoing reasons, the Court finds that both the Tax Injunction Act and the related principles of comity mandate that this Court restrain from hearing the merits of the instant case. Accordingly, Defendants' Motion to Dismiss for lack of subject matter jurisdiction should be GRANTED.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

---

**3.** Plaintiffs further maintain that various abstention doctrines require a federal court from acting in the situation at bar. In light of the Court's analysis, this issue will not be addressed. *See generally Missouri Pac. R. Co. v.*

*Tax Division, Etc.,* 504 F.Supp. 907, 910–913 (E.D.Ark.1970); *Kistner v. Milliken,* 432 F.Supp. 1001 (E.D.Mich.1977); 17 Wright, Miller and Cooper § 4237 n. 44, §§ 4241–4248.