## CIRCUIT COURT OF LOUDOUN COUNTY

Sam Wright, Jr.

v.

Commonwealth of Virginia
and Loudoun County

June 22, 1999

Case No. (Law) 21530

BY JUDGE THOMAS D. HORNE

This case came before the Court on May 6, 1999, for argument on the County's Demurrer and the Commonwealth's Demurrer, Plea of Sovereign Immunity, and Plea to the Jurisdiction of the Court. All are in response to Plaintiff's Amended Motion for Judgment, which asks the Court to declare Virginia Code § 58.1-3813 unconstitutional. For the reasons that follow, the Court finds it unnecessary to rule on the Commonwealth's Plea of Sovereign Immunity and Plea to the Jurisdiction of the Court. The Court sustains the Commonwealth's and the County's Demurrer.

Virginia Code § 58.1-3183 authorizes Virginia localities to levy an additional tax on telephone customers in order to enhance the local 911-Emergency Telephone System. Loudoun County consequently passed an ordinance, Loudoun County Ordinance § 844.025, imposing an additional tax of two dollars per month on each telephone line until June 30, 1998, and one dollar on each telephone line after June 30, 1998, in order to upgrade the Loudoun County 911-Emergency System.

*Plaintiff's Prayer for Declaratory Relief; Plaintiff's Case at Equity*

Plaintiff, by the style and content of his Amended Motion for Judgment, asks the Court for declaratory relief, an action of equity and not one of law.

Plaintiff asks the Court to prevent Loudoun County's collection of the monthly tax in the future. Plaintiff also asks the Court to make a declaratory judgment regarding the constitutionality of both the state enabling statute and the County's Ordinance.

The Declaratory Judgment Act, Virginia Code § 8.01-184 *et seq.* outlines declaratory judgment requirements and limitations in Virginia. The Act provides in part:

> This article is declared to be remedial. Its purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor. It is to be liberally interpreted and administered with a view to making the courts more serviceable to the people.

Virginia Code § 8.01-191. The Code also provides that declaratory judgment review is limited to "cases of actual controversy"; the Court may not issue declaratory judgments on future controversies. Virginia Code § 8.01-184. Virginia case law has further defined the role and limitations of declaratory judgment. Because the intent of declaratory judgment review is not to "give parties greater rights than those they previously possessed," but instead to "guide parties in their future conduct in relation to each other," courts have held that the "power to make a declaratory judgment is a discretionary one." *Liberty Mutual Ins. Co v. Bishop*, 211 Va. 414, 421 (1970). The Court may decline to consider an issue in declaratory judgment if it feels that the controversy should be settled by another type of proceeding. *Id.*

Because Plaintiff constructively asks for a declaratory injunction, it is necessary for the Court to determine whether another proceeding is more appropriate than one for declaratory relief. The relevant statute provides, "No suit for the purpose of restraining the assessment or collection of any tax, state or local, shall be maintained in any court of this Commonwealth, except when the party has no adequate remedy at law." Virginia Code § 58.1-1831. This Code Section's predecessor has been interpreted by case law, which states that where "the statutory remedy is adequate it must be followed and the previously existing remedy by injunction is cut off and cannot be pursued." *C. & P. Tel. Co. v. City of Newport News*, 194 Va. 409, 413 (1952). If another remedy, especially a statutory one, is available and is adequate, it is improper for the Court to decide the controversy in equity.

## Adequacy of Code Remedies

The Court must now determine whether Plaintiff has an adequate remedy at law. The Commonwealth asserts that Plaintiff has a statutory remedy provided in Virginia Code § 58.1-1825, which is titled, "Applications to court for correction of erroneous or improper assessments of state taxes generally," and Virginia Code § 58.1-3984, titled "Application to the court to correct erroneous assessments of local levies generally." The Code sections outline the procedural aspects of appealing a tax assessment, whether it is deemed a state or local one. The Court, in determining if the above-mentioned Code remedies are adequate, must analyze (1) whether this tax is an "assessment" that can be dealt with under the remedies and (2) whether it is appropriate to challenge the constitutionality of a tax under these remedies. An examination of the pertinent case law reveals that these considerations do not prevent Plaintiff from using the prescribed remedies to challenge this tax. Plaintiff does indeed have an adequate remedy available at law.

The meaning of the word "assessment" was dealt with in *C. & P. Tel. Co. v. City of Newport News*, a case in which a telephone company sought to have a local license tax, which was actually a percentage of its gross receipts, declared unconstitutional. 194 Va. 409 (1952). Plaintiff telephone company argued that because the tax was a percentage, which it had to determine itself and pay to the city, there was no real "assessment" taking place. *Id.* at 414, 415. The Court disagreed, stating that one of the meanings of assessment "applied to the amount of money that was to be paid." *Id.* at 414. The Court further held:

> So far as the plaintiff is concerned, the assessment it complains of was made by the ordinance, and the plaintiff is to all intents and purposes a person assessed with a local license tax and aggrieved thereby within the meaning of section 58-1145.[1] If the plaintiff has not been assessed by the ordinance, then its resort to equity is premature because "equity will not enjoin an apprehended illegal assessment."

*Id.* at 415 (citations omitted). A focus on the term "assessment" to discredit the adequacy of the remedies at law, therefore, is improper because the term is held to be broader in meaning. As the Court held above, assessment is considered to have occurred when Loudoun County adopted the Ordinance

---

[1] Code § 58-1145 is the predecessor of Code § 58.1-3984.

mandating a two-dollar monthly tax on each telephone line. If this "assessment" had not occurred, there would be no controversy because there would be no tax.

The Court next turns to the issue of whether the Code remedies can be used to appeal a tax which a plaintiff argues is unconstitutional. The Commonwealth asserts that the Code remedies are an appropriate way to challenge the constitutionality of a tax. The Court agrees. It has been well settled in case law that tax-appeal statutes not only provide a vehicle to appeal what a plaintiff feels is an erroneous assessment of tax, but also to provide a way to grant relief from assessments found to be unconstitutional. *See Todd v. County of Elizabeth City*, 191 Va. 52 (1950). *See also, C. & P. Tel. Co. v. City of Newport News*, 194 Va. 409 (1952).

This Court finds that both §§ 58.1-1825 and 58.1-3984 are adequate remedies at law for Plaintiff to appeal the tax in question. It is improper for the Court, therefore, to decide a matter of equity when alternate remedies at law exist. The Court must deny Plaintiff's Motion to declare Virginia Code § 58.1-5813 and Loudoun County Ordinance § 844.025 unconstitutional.

### Plaintiff's Case at Law

Having denied Plaintiff's request for a judgment at equity, the only option available to the Court is to consider Plaintiff's request as one at law. The Court is able to review this case in light of the above-mentioned Code remedies. In the interest of judicial efficiency, the Court will deal with this case at the present time.

Loudoun County, in its Demurrer to Plaintiff's Motion for Judgment, asserts that Plaintiff has failed to state a cause of action sufficient in law. The Court agrees. The statutory remedies require that the burden of proving that a tax is erroneous (or in this case, unconstitutional) is upon the applicant. Plaintiff's allegations, even if true, do not convince the Court that the tax is unconstitutional; Plaintiff has, therefore, failed to state a valid cause of action.

Plaintiff alleges in his motion that because he does not need to use the 911-Emergency System to be enhanced by the tax imposed by Virginia Code § 58.1-5813 and Loudoun County Ordinance § 844.025, the tax is not a necessary one and is therefore unconstitutional. Plaintiff may not need to use the 911-Emergency System; Plaintiff may indeed be able to dial the direct number to the appropriate public safety agency in times of emergency. However, because Plaintiff may not need to use a state-funded program, it does not necessarily follow that the program is unnecessary and that any tax used to support or improve it is an unconstitutional one. Plaintiff's argument

is analogous to arguing that property taxes which support public schools are unconstitutional because some of the citizens taxed are childless and do not use the schools, or that taxes to support public assistance programs are unconstitutional because not all citizens use the benefits from the programs. This line of thinking has been and will most likely continue to be debated in political, social, and economic settings, but it does not meet the burden of proof requisite to declare the instant tax unconstitutional.

Plaintiff's motion also seems to question the necessity of the enhancement of the 911 system. The Virginia Code section in question allows the localities to determine if an "E-911" system tax is needed. The General Assembly has delegated to the local law-making bodies, in this case the Loudoun County Board of Supervisors, the decision-making power to determine whether Loudoun County's 911-Emergency System needs to be enhanced, and whether the special tax is needed to fund the enhancement. The Board of Supervisors has decided affirmatively in both instances. The Court declines to interfere in this decision, as it is presumed that the Board had good intentions and good reasons to decide that both were necessary. Plaintiff does not allege that there was any fraud involved in the Board's decision, so the Court therefore should not subject the decision to judicial interference. *See Abbott v. Board of Supervisors*, 200 Va. 820 (1959) (holding that the court would not interfere in a Board's decision to raise sewer rates in order to improve a sanitary system that the Board was mandated to control).

Plaintiff need not worry that the authorization for this tax gives the Board the ability to spend it any way the Board pleases. The Code requires that the locality, before levying the tax, "find that an E-911 emergency telephone system as defined in subsection B of this section has been or will be installed in its respective locality and that the telephone company has central office equipment which will permit such system to be established." Virginia Code § 58.1-3813(C). The Code additionally mandates that the special tax may only be levied in full for as long as needed to pay for the 911-Emergency System enhancement. The Code reads in part: "taxes imposed by this section shall be first utilized solely for the initial capital, installation and maintenance costs of the E-911 emergency telephone system. The jurisdiction shall reduce such tax when capital and installation costs have been fully recovered to the level necessary." Virginia Code § 58.1-3813(D). Clearly, the authorization given to localities to impose this tax is not a carte blanche to do with the money as the localities see fit; the tax revenue raised must be used to enhance a 911-Emergency System.

Plaintiff has not alleged that the Loudoun County Board of Supervisors has fraudulently determined that the 911-Emergency System needs

enhancement. Plaintiff has also not alleged that the Board of Supervisors has continued to tax citizens fully when no additional tax revenues were needed to support the enhancement of the 911-Emergency System. The Court, therefore, must defer to the Board of Supervisor's determinations on both subjects and deny Plaintiff's Motion for Judgment. The Court finds that the tax authorized by Virginia Code § 58.1-3813 and imposed by Loudoun County Ordinance 844.025 is not unconstitutional.

Plaintiff has failed to meet the burden of proof needed to convince this Court that this tax needs to be reviewed at law. Although the Court finds the special pleas of the Commonwealth worthy of consideration, it will decide the matter on the Demurrers filed by the Commonwealth and the County. Accordingly, the Demurrers will be sustained. The Plaintiff's Amended Motion for Judgment is dismissed, and the matter will be removed from the docket.